UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM MANIACI )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GEORGETOWN UNIVERSITY )<br>   37th and O Streets, NW )<br>   Washington, D.C. 20057; )<br>)<br>DAVID F. MORRELL )<br>   Vice President, University Safety )<br>   Georgetown University )<br>   37th and O Streets, NW )<br>   Washington, D.C. 20057; )<br>)<br>DARRYL K. HARRISON )<br>   Director of Public Safety )<br>   Georgetown University )<br>   37th and O Streets, NW )<br>   Washington, D.C. 20057; )<br>)<br>ERIK SMULSON )<br>   Assistant Vice President )<br>   for Communications )<br>   Georgetown University )<br>   37th and O Streets, NW )<br>   Washington, D.C. 20057; )<br>)<br>TODD OLSON )<br>   Vice President for Student Affairs )<br>   Georgetown University )<br>   37th and O Streets, NW )<br>   Washington, D.C. 20057; and )<br>)<br>GEORGE W. TAYLOR )<br>   Department of Public Safety )<br>   Georgetown University )<br>   37th and O Streets, NW )<br>   Washington, D.C. 20057 )<br>)<br>            Defendants. )<br>) | ANSWER OF DEFENDANTS GEORGETOWN UNIVERSITY, DAVID MORRELL, DARRYL HARRISON, ERIK SMULSON, TODD OLSON, AND GEORGE TAYLOR<br><br>Docket No. 06 CV 01625<br><br>Judge Kollar-Kotelly |

Defendants Georgetown University, David F. Morrell, Darryl K. Harrison, Erik Smulson, Todd Olson, and George W. Taylor (collectively "Defendants"), by and through their undersigned attorneys, file this Answer to Plaintiff's Complaint ("Complaint"). The following numbered paragraphs correspond to the numbered paragraphs of the Complaint:

1. The Defendants admit that Georgetown University is a not-for-profit corporation chartered by Congress with its principal place of business in the District of Columbia. Defendants Morrell, Harrison, Smulson, Olson, and Taylor admit that they are not citizens of Nevada. The remaining allegations contained in paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

2. The Defendants deny that the "Speech and Expression at Georgetown University" document entitled Plaintiff to any rights. Furthermore, the Defendants deny that registration for the conference created a license or granted any rights to Plaintiff. The Defendants admit that registration for the Palestine Solidarity Movement Conference was advertised as open to the public. Further, the Defendants deny that the copy of the Complaint served on them included an "Exhibit A." With respect to the remaining allegations in paragraph 2, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the allegations are denied.

3. The Defendants admit that the panel on the morning of February 18, 2006 included presentations followed by a question and answer session. Defendants deny that Todd Olson indicated that he wanted Officer George W. Taylor to remove the Plaintiff. With respect to the remaining allegations in paragraph 3, the Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the allegations are denied.

4. Defendants admit that Plaintiff was removed from Gaston Hall. The remaining allegations in paragraph 4 are denied.

5. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's subjective feelings and perceptions. Defendants admit that Plaintiff was asked to leave and was escorted out of the building. The remaining allegations in paragraph 5 are denied.

6. The Defendants admit that, after being removed from Gaston Hall, Plaintiff attempted to enter the Intercultural Center. Defendants admit that the Plaintiff was informed that he could not enter the Intercultural Center, that he was informed that he had been barred from the conference, and that he was informed that he was not under arrest. Defendants admit that Plaintiff was permitted to use the restroom in the Intercultural Center. Defendants also admit that it was necessary to call a member of the District of Columbia Metropolitan Police Department after Plaintiff refused to leave the campus. The remaining allegations in paragraph 6 are denied.

7. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. To the extent a response is required, the allegations are denied.

8. The Defendants admit that Georgetown University is a not-for-profit corporation chartered by Congress with its principal place of business in the District of Columbia and that Public Safety Officers are assigned to the Department of Public Safety. The Defendants admit that Department of Public Safety officers are paid by the University and that these officers are unarmed, commissioned special police officers. The remaining allegations in paragraph 8 are

legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT I
## ASSAULT AND BATTERY
## COMMON LAW OF THE DISTRICT OF COLUMBIA

10. The Defendants incorporate by reference, as if fully set forth herein, each of their responses to the preceding paragraphs of the Complaint.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12. Denied.

13. Paragraph 13 states legal conclusions to which no response is required. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required to the remainder of paragraph 13, the allegations are denied.

## COUNT II
## FALSE ARREST
## COMMON LAW OF THE DISTRICT OF COLUMBIA

14. The Defendants incorporate by reference, as if fully set forth herein, each of their responses to the preceding paragraphs of the Complaint.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. Paragraph 16 states legal conclusions to which no response is required. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations regarding Plaintiff's injuries. To the extent a response is required to the remainder of paragraph 16, the allegations are denied.

## COUNT III
## DEPRIVATION OF RIGHT TO FREE SPEECH AND ASSEMBLY
## IN VIOLATION OF 42 U.S.C. § 1983 (1989)

17. The Defendants incorporate by reference, as if fully set forth herein, each of their responses to the preceding paragraphs of the Complaint.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

19. Paragraph 19 states legal conclusions to which no response is required. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required to the remainder of paragraph 19, the allegations are denied.

## COUNT IV
## PUNITIVE DAMAGES

20. The Defendants incorporate by reference, as if fully set forth herein, each of their responses to the preceding paragraphs of the Complaint.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to the relief requested in his Complaint. All allegations not specifically admitted by the Defendants in this Answer are denied.

## **DEFENSES**

The Defendants raise the following defenses to the Complaint:

1.	The Complaint fails to state a claim upon which relief may be granted.

2.	Jurisdiction in this Court pursuant to 28 U.S.C. § 1332 is not appropriate as the amount in controversy does not exceed $75,000.

3.	Defendants acted at all times in good faith and in accordance with the United States Constitution, the laws of the United States, and the laws of the District of Columbia.

4.	Any injury sustained by Plaintiff was caused in whole or in part by Plaintiff's conduct or by the acts of others for whom Defendants are not responsible.

5.	Any injury sustained by Plaintiff was caused in whole or in part by superseding and/or intervening causes.

6.	If discovery uncovers evidence to support this defense, the Defendants reserve the right to contend that Plaintiff's claims are barred in whole or in part by a failure to mitigate damages.

7.	Plaintiff's claims are barred or subject to reduction by the doctrine of contributory and/or comparative negligence.

8.	An award of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution.

9.	At all times Defendants acted within the scope of their discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling them to qualified immunity from suit and damages.

10. At all times Defendants acted within the scope of their discretionary authority and with a reasonable, good faith belief that their actions were lawful and proper, thereby entitling them to qualified immunity from suit and damages.

11. The Defendants reserve the right to assert any and all other defenses, including affirmative defenses that become available during the course of discovery or trial.

WHEREFORE, the Defendants request that the Complaint be dismissed in its entirety, that Plaintiff be denied all relief, that judgment be entered against Plaintiff and in favor of Defendants, and that Defendants be awarded attorney's fees and costs expended herein, along with such other relief as the Court deems just and proper.

Respectfully submitted,

\_\_\_/s/ John J. Buckley, Jr._____
WILLIAMS & CONNOLLY LLP
John J. Buckley, Jr., D.C. Bar No. 925081
Malachi Jones, D.C. Bar No. 455555
Colleen F. Shanahan, D.C. Bar No. 496605
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

October 12, 2006               Attorneys for Defendants Georgetown University, Morrell, Harrison, Smulson, Olson, and Taylor.

7

## CERTIFICATE OF SERVICE

  I certify that the foregoing document was filed with the Court on the 12th day of October, 2006, and that service was made via ECF and by First Class Mail to:

    Thomas Fortune Fay, Esq.
    601 Pennsylvania Avenue, NW
    #900 – South Building
    Washington, D.C. 20004


        ___/s/ John J. Buckley, Jr._____
        John J. Buckley, Jr.