IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM MANIACI, | ) | |
| Plaintiff, | ) | Docket No. 06 CV 01625 |
| vs. | ) | Judge Kollar-Kotelly |
| GEORGETOWN UNIVERSITY, et al. | ) | Next Event: |
| | ) | Initial Scheduling Conference |
| Defendants. | ) | November 21, 2006, 10:15 a.m. |

## JOINT LOCAL CIVIL RULE 16.3 REPORT

Pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), the attorneys for Plaintiff William Maniaci and Defendants Georgetown University, David F. Morrell, Darryl K. Harrison, Erik Smulson, Todd Olson, and George W. Taylor (collectively "Defendants") conferred on November 13, 2006, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was disagreement.

**I.   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Defendants believe this case will likely be disposed of by a motion to dismiss and/or a motion for summary judgment. Plaintiff does not believe this case will likely be disposed of by a dispositive motion. Section VIII reflects a proposed schedule for such a motion and discovery.

**II.     The date by which any other parties shall be joined or the pleadings amended; and whether some or all of the factual and legal issues can be agreed upon and narrowed.**

At the present time, none of the parties plan to join additional parties or amend the pleadings. Section VIII reflects a proposed deadline for joining additional parties or amending the pleadings.

At the present time, no factual or legal issues have been agreed upon or narrowed; however, the parties may consider the possibility of such an agreement after further discovery in the case.

**III.    Whether this case should be assigned to a magistrate judge for all purposes, including trial.**

This case should not be assigned to a magistrate judge for purposes of trial. The parties defer to the Court on whether the case should be assigned to a magistrate judge for discovery purposes.

**IV.    Whether there is a realistic possibility of settling the case.**

Based on prior discussions, there is no realistic possibility of settling this case at this time.

**V.     Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of the ADR.**

It is possible that at some future time this case might benefit from the Court's alternative dispute resolution procedures or other forms of ADR. The parties, however, do not believe that the ADR procedures would benefit the case at the current time.

**VI.    Whether the case can be resolved by summary judgment or motion to dismiss; the dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.**

Defendants believe that this case will likely be resolved by a motion to dismiss and/or summary judgment. Plaintiff does not believe this case will likely be resolved by dispositive motions. The parties have proposed various deadlines under Section VIII.

**VII.   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.**

Disclosures under Rule 26(a)(1) will be made within the time set forth under Federal Rule of Civil Procedure 26(a)(1). The disclosures materials shall be treated as confidential and not be disclosed except to the parties and counsel until the entry of a protective order by the Court as contemplated in Section VIII. Upon the entry of a protective order, the disclosure materials shall be subject to the terms and the conditions of the protective order.

**VIII.  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties do not believe at this time that it is necessary to impose any limits upon discovery beyond those present in the Federal Rules of Civil Procedure. The parties believe a protective order is appropriate in this case and will work cooperatively to file a stipulated order.

The parties suggest the following schedule:

| | |
|---|---|
| December 15, 2006 | Parties submit stipulated Protective Order to the Court for approval and entry, or if no agreement, proposed Protective Orders |
| March 1, 2007 | Deadline for filing motions to amend the pleadings or to add parties |
| June 1, 2007 | Deadline for filing Plaintiff's Rule 26(a)(2) expert disclosures |

| | |
|---|---|
| July 16, 2007 | Deadline for filing Defendants' Rule 26(a)(2) expert disclosures |
| August 15, 2007 | Close of all discovery |
| September 17, 2007 | Deadline for filing Dispositive motions |
| October 1, 2007 | Oppositions due to Dispositive Motions |
| October 15, 2007 | Replies due to Dispositive Motions |
| December 17, 2007 | Pre-Trial conference (if necessary, after disposition of summary judgment motions) |

IX. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.**

The exchange of expert witness reports and information as set forth in Rule 26(a)(2), Fed. R. Civ. P., should apply to this case. A schedule for such reports and expert depositions is proposed in Section VIII.

X. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This topic does not apply because this case is not a class action.

XI. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The trial and discovery should not be bifurcated or conducted in stages.

XII. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose a pretrial conference on December 17, 2007.

**XIII.   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Plaintiff wishes to have a trial date set at the first scheduling conference. The Defendants prefer that a trial date be set at the pretrial conference.

**XIV.   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

At this time, the parties have no other matters appropriate for inclusion in the scheduling order.

**XV.   Brief Statement of the Case**

   A.   <u>Plaintiff</u>

On February 18, 2006, William Maniaci arrived at Georgetown University and paid the advertised ten dollar fee for participation in the Palestinian Solidarity Conference. He was given a badge, which he pinned on his left lapel, and a document entitled "Speech and Expression at Georgetown University" explaining the rights to which he was entitled in accordance with the license to participate in the Palestinian Solidarity Conference which he had just purchased. That document provided as "Limitations" on "free speech and expression" only a ban on "unlawful activity, actions that endanger or imminently threaten others, or activities that disrupt or obstruct the functions of the University."

After presentations by various panelists, the floor was opened for questions. Mr. Maniaci asked the panel: "If you approve or disapprove of the use of suicide bombers who murder innocent Israeli citizens as a means to accomplish your goals?" The panelists avoided answering the question and the Georgetown University faculty staff advisor pointed to the next person in line for the next question. At such time, Mr. Maniaci raised his hand and said: "Excuse me, but you did not answer the question." Mr. Maniaci repeated his statement again and was again

5

dismissed by the faculty staff advisor who then ordered the Georgetown University Police to remove the Plaintiff.

Two muscular, campus police officers in Georgetown University uniforms grabbed Mr. Maniaci, who responded: "I have not done anything wrong". The two campus police officers violently jerked Mr. Maniaci from his seat. He did not resist at all. As the officers pulled at Mr. Maniaci, he felt a blow to his right side from one of the officers , taking his breath away and causing him to gasp for air. He then dropped all of his papers and a notebook, but held onto his cane, was thrown onto the aisle floor and dragged down the aisle with his limbs and head bumping into objects while being dragged, was lifted off the floor hitting his head, and was thrown through the doors into the hallway on the concrete floor hitting his head as he hit the floor. During this period a Georgetown University official identified as Eric Smulson, Georgetown University, Assistant Vice President For Communications, was requested by bystanders to take action to stop the assault but refused.

As Mr. Maniaci attempted to leave, he was then surrounded by six campus police officers including Officer George W. Taylor and was pushed against a glass window. An officer stepped towards Mr. Maniaci, forcing him to back up and making it impossible to move past the officer. Then the chief of campus police, identified as David F. Morrell, Vice President for Campus Safety, approached Mr. Maniaci and told him that he was being barred from the conference.

Mr. Maniaci was treated for his injuries at the Walter Reed Army Medical Center with a diagnosis on concussion and contusion to the right ankle.

## Defendants

Defendants generally deny that they are liable to Plaintiff under any of Plaintiff's causes of action.

**XVI.   Statutory Basis for all Causes of Action and Defenses**

    A.   <u>Plaintiff</u>

The Court has jurisdiction of this action in accordance with the provisions of 28 United States Code § 1331 as a claim arising under the laws of the United States, to wit, 42 United States Code § 1983. The Court also has jurisdiction pursuant to 28 United States Code §1332(a)(1), as the Plaintiff and each of the Defendants are "citizens of different states." In addition the Court has jurisdiction pursuant to the provisions of 28 United States Code §1343(a), as a "civil action authorized by law…," to wit, 42 United States Code § 1983

    B.   <u>Defendants</u>

Defendants have asserted a number of affirmative defenses in their Answer. These defenses are appropriate under 42 U.S.C. § 1983 and common law. Defendants assert that they acted at all times in good faith and in accordance with the United States Constitution, the laws of the United States, and the laws of the District of Columbia. Defendants also assert that any injury sustained by Plaintiff was caused in whole or in part by Plaintiff's conduct, by superseding and/or intervening causes or by the acts of others for whom Defendants are not responsible. Defendants also assert that plaintiff's claims are barred or subject to reduction by the doctrine of contributory and/or comparative negligence. In addition, if discovery uncovers evidence to support this defense, the Defendants reserve the right to contend that Plaintiff's claims are barred in whole or in part by a failure to mitigate damages.

In addition, at all times Defendants acted within the scope of their discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling them to qualified immunity from suit and damages. Defendants also acted within the scope of their discretionary authority and with a reasonable,

good faith belief that their actions were lawful and proper, thereby entitling them to qualified immunity from suit and damages.

Defendants further assert that jurisdiction in this Court under 28 U.S.C. § 1332 is not appropriate as the amount in controversy does not exceed $75,000.

Finally, Defendants further assert, an award of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution.

November 14, 2006                                   Respectfully submitted,


/s/ John J. Buckley, Jr._____
WILLIAMS & CONNOLLY LLP
John J. Buckley, Jr., D.C. Bar No. 925081
Malachi Jones, D.C. Bar No. 455555
Colleen F. Shanahan, D.C. Bar No. 496605
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (Fax)
Attorneys for Defendants Georgetown University,
Morrell, Harrison, Smulson, Olson, and Taylor.


/s/Thomas Fortune Fay_____
Thomas Fortune Fay, Esq., D.C. Bar No. 23929
601 Pennsylvania Ave., NW
#900 South Building
Washington, D.C. 20004
(202) 589-1300
(202) 589-1721(Fax)
Attorney for Plaintiff William Maniaci