IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM MANIACI | ) | |
| | ) | |
| Plaintiff, | ) | Docket No. 06 CV 01625 |
| | ) | |
| vs. | ) | Judge Kollar-Kotelly |
| | ) | |
| GEORGETOWN UNIVERSITY, et al. | ) | **Next Scheduled Event:** |
| | ) | **September 28, 2007, 9:00 a.m.** |
| Defendants. | ) | **Status Hearing** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants Georgetown University, David Morrell, Darryl Harrison, Todd Olson, Erik Smulson and George Taylor hereby respond to Plaintiff William Maniaci's Motion for Leave to File an Amended Complaint.  [Docket No. 18].

Defendants consent to Plaintiff's filing of an amended complaint as a general matter, but oppose two items of additional relief requested in Plaintiff's Motion.  First, Defendants agree that Defendants Erik Smulson and George Taylor should be dismissed as parties to the action but submit that the dismissal should be *with prejudice*, not "without prejudice" as Plaintiff requests.  Second, Defendants oppose Plaintiff's request to change and prolong the briefing schedule set by this Court's November 21, 2006 Order with regard to the Defendants' Motion for Partial Judgment on the Pleadings.  [Docket No. 13].  The dates previously set by the Court should be maintained, and completion of the briefing and consideration of the Defendants' Motion should not be delayed.

**I.      Defendants Smulson and Taylor Should Be Dismissed With Prejudice.**

In his Motion for Leave to File Amended Complaint, Plaintiff concedes that there is no evidence to support his claims against Defendants Erik Smulson and George Taylor. Specifically, Plaintiff concedes that "the identification of George W. Taylor as one of the Officers was in error." Motion ¶ 1. Plaintiff further concedes "Plaintiff has concluded that Defendant Eric Smulson's connection to the occurrence was solely in a public relations function and that he exercised no supervisory power over the Public Safety Officers." Motion ¶ 2. Plaintiff has deposed both Defendant Taylor and Defendant Smulson, along with the other individual Defendants, and has had an opportunity to discover evidence regarding his claims against these defendants. As a result, Plaintiff now admits that there is no basis for asserting claims against Defendants Smulson and Taylor.

Although Defendants agree that Defendants Smulson and Taylor should be dismissed from the suit, such dismissal should be *with prejudice*—not without prejudice, as Plaintiff requests. Under Fed. R. Civ. P. 15(a), if a responsive pleading has already been served, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision "whether to grant or deny leave to amend rests in the district court's sound discretion," Nwachukwu v. Karl, 222 F.R.D. 208, 210 (D.D.C. 2004) (citing Foman v. Davis, 371 U.S. 178, 182, (1962)). Dismissal with prejudice is proper when "the allegation of other facts . . . could not possibly cure the deficiency." Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006) (internal quotation omitted).

In the present case, Defendants Smulson and Taylor have already filed both an Answer to the Complaint [Docket No. 8] and a Motion for Partial Judgment on the Pleadings [Docket No. 17]. Both Defendants have also been deposed by Plaintiff. Plaintiff now concedes that he has no legal or factual basis for suing them, and that his naming them as Defendants—and his alleging that they were responsible for the supposed assault and battery, false arrest, and violation of his civil rights—has proven to be erroneous. See Motion ¶ 1 ("was in error"). Therefore, this is the classic situation in which dismissal with prejudice is appropriate because, as Plaintiff admits, the deficiency cannot be cured. See Belizan v. Hershon, 434 F.3d at 583.

Further, a dismissal without prejudice would be unfair and unjust. If these Defendants were today to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the Court would be compelled to grant it in light of Plaintiff's admissions and then lack of involvement, and such dismissal would necessarily be with prejudice. See Arturi v. United States Offices Prod. Co., 251 F. Supp. 2d 58, 71 (D.D.C. 2003) (dismissing claim with prejudice where plaintiffs' admission of facts "demonstrat[e] that success on the merits is impossible – in other words, when the plaintiffs plead themselves out of court"). Why should these Defendants receive less than a dismissal with prejudice merely because Plaintiff has filed a motion to amend?

Moreover, these Defendants have been erroneously subjected to the burdens, inconvenience and stress of litigation. They have been incorrectly named as wrongdoers in a complaint, required to retain counsel, obliged to file answers, forced to prepare for and submit to depositions, and required to file a Motion for Judgment on the Pleadings. Plaintiff has had his opportunity to pursue his erroneous claims against Defendants Smulson and Taylor. These Defendants have earned and should be afforded the security of knowing that their dismissal is

with prejudice and that Plaintiff will not be given another opportunity to make the same mistake of suing them over this matter at some future juncture.  To subject Defendants Smulson and Taylor to the specter of future relitigation of these claims, for which Plaintiff admits there is no basis as to them, would not serve the interests of justice.  See Fed. R. Civ. P. 15(a) ("when justices so requires"); Bancoult v. McNamara, 214 F.R.D. 5, 7-8 (D.D.C. 2003) (stating that Fed. R. Civ. P. 15(a) requires court to consider "possibility of resulting prejudice").  Therefore, this Court should dismiss Defendants Smulson and Taylor from this action with prejudice.

**II.    The Court Should Not Change The Briefing Schedule for Defendants' Motion for Partial Judgment on the Pleadings That It Set In Its November 21, 2006 Order.**

Plaintiff also asks this Court to modify its November 21, 2006 Order and alter the briefing schedule for Defendants' Motion for Partial Judgment on the Pleadings.  Plaintiff proposes that Defendants be given another twenty (20) days—from the date of the Court's ruling on the Motion For Leave To File Amended Complaint—in order to supplement or amend their Motion for Judgment on the Pleadings and that Plaintiff be given another twenty (20) days after such supplemental or amended motion papers to submit his response.  The effect of Plaintiff's request would be needlessly to delay the briefing and consideration of Defendants' Motion, and Defendants therefore oppose Plaintiff's request.  The Defendants' Motion for Partial Judgment will not be materially affected by filing of the Amended Complaint, and Defendants do not want or need to supplement or amend their motion papers.

Plaintiff has only made two changes to the Complaint.  The first is substituting the names of new Defendants Officers Roy Eddy and Larry Salley for the name of Officer George Taylor as the Georgetown campus safety officers who allegedly removed Plaintiff from a auditorium.  Compare Original Complaint ¶ 3-4 with Proposed Amended Complaint, ¶ 3-4.  The second change is substituting the name of (existing) Defendant David Morrell for the name of

4

Defendant Smulson as the University administrator who witnessed Plaintiff's removal from the auditorium.  <u>Compare</u> Original Complaint ¶ 4 ("During this period a Georgetown University official, identified as Eric Smulson, Georgetown University, Assistant Vice President for Communications, was requested by bystanders to take action to stop the assault but refused") with Proposed Amended Complaint ¶ 4 ("During this period a Georgetown University official, identified as David F. Morrell, Vice President for Campus Safety, was requested by bystanders to take action to stop the assault but refused").  The first change is totally irrelevant to Defendants' Motion since Defendant Taylor is being dismissed from the action, and newly named Defendants Eddy and Salley have not yet been served with a summons and complaint, are not parties to the action, and have not filed any motion.  The second change (substituting Morrell's for Smulson's name in paragraph 4) is inconsequential.  Changing these names does not in any way cure the fatal deficiencies in Plaintiff's Complaint and does not alter the gravamen of Defendants' Motion for Partial Judgment on the Pleadings.

      Accordingly, Defendants do not want or need to supplement their Motion for Partial Judgment on the Pleadings in light of the Amended Complaint and do not want the briefing and consideration of their Motion to be delayed.  Plaintiff should therefore respond in accordance with the original briefing schedule set buy this Court's November 21, 2006 Order and file his response to Defendants' Motion by February 12, 2007—still a full four weeks after the filing of Defendants' Motion.

## **CONCLUSION**

      For the reasons stated, the Defendants oppose Plaintiff's Motion for Leave to File Amended Complaint to the extent (1) it requests that the dismissal of Defendants Smulson and Taylor be without prejudice rather than with prejudice, and (2) it requests modification of this

Court's November 21, 2006 Order setting a briefing schedule for Defendants' Motion for Partial Judgment on the Pleadings.

        Respectfully submitted,

        ___/s/ John J. Buckley, Jr._____

WILLIAMS & CONNOLLY LLP
John J. Buckley, Jr., D.C. Bar No. 925081
Malachi Jones, D.C. Bar No. 455555
Colleen F. Shanahan, D.C. Bar No. 496605
725 Twelfth Street, N.W.
Washington, D.C. 20005
Jbuckley@wc.com
(202) 434-5000
(202) 434-5058 (fax)

*Of Counsel:*
Jane E. Genster
Vice President and General Counsel
Georgetown University
37th & O Streets, NW
Washington, DC 20057
(202) 687-6500
(202) 687-6527 (fax)

Attorneys for Defendants Georgetown University, David F. Morrell, Darryl K. Harrison, Erik Smulson, Todd Olson, and George W. Taylor.

**CERTIFICATE OF SERVICE**

     I certify that the foregoing document was filed with the Court on the 29th day of January, 2007, and that service was made via ECF and by First Class Mail to:

        Thomas Fortune Fay, Esq.
        601 Pennsylvania Avenue, NW
        #900 – South Building
        Washington, D.C. 20004


           /s/ John J. Buckley, Jr.
        John J. Buckley, Jr.
        Counsel for Defendants