IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM MANIACI ) | |
| ) | |
| Plaintiff, ) | Docket No. 06 CV 01625 |
| ) | |
| vs. ) | Judge Kollar-Kotelly |
| ) | |
| GEORGETOWN UNIVERSITY, et al. ) | Next Scheduled Event: |
| ) | September 28, 2007, 9:00 a.m. |
| Defendants. ) | Status Hearing |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND FOR OTHER RELIEF

Defendants Georgetown University, David Morrell, Darryl Harrison, Todd Olson, Erik Smulson and George Taylor hereby oppose Plaintiff William Maniaci's Motion To Extend Discovery and For Other Relief.  As the Court admonished the parties in its November 21, 2006 Scheduling and Procedures Order – "Parties should not expect the court to grant extensions, as they will be granted only in truly exceptional or compelling circumstances."  The circumstances here are neither "exceptional" nor "compelling."  Rather, Plaintiff simply has not been diligent in pursuing discovery and has now waited until after the cut off for fact discovery has passed before seeking relief from the Court.[1]

## ARGUMENT

As an initial matter, Plaintiff's motion is out of time.  Plaintiff is seeking additional fact discovery, but fact discovery already closed on July 16, 2007, and expert

---

[1] Defendants do not believe that a status hearing is necessary regarding the pending Defendants' Motion for Partial Judgment on the Pleadings or Plaintiff's Motion for Leave to File an Amended Complaint.

discovery will close on August 15, 2007.[2]  According to the Court's Scheduling and Procedures Order, Plaintiff's Motion To Extend Discovery should have been filed <u>four</u> business days prior to July 16, 2007, the close of fact discovery, i.e., no later than July 10, 2007.  Instead, Plaintiff waited another week and filed this motion on July 17, 2007.  For that reason alone, Plaintiff's motion should be denied.[3]

In any event, the two reasons that Plaintiff proffers for an extension are neither exceptional nor compelling.  First, the filing of Plaintiff's Amended Complaint will not affect discovery at all.  The witnesses relevant to the Amended Complaint are exactly the same as the original Complaint.  That is because the Amended Complaint does not contain a single new substantive allegation and does nothing more than eliminate two defendants and name two new ones.  <u>See</u> Defendants' Response to Plaintiff's Motion for Leave to File an Amended Complaint at 4-5 (filed Jan. 29, 2007) [Doc. No. 19].

Moreover, all of the relevant witnesses were identified seven months ago in Defendants' initial disclosures of December 5, 2006, including the two new named defendants, Roy Eddy and Larry Salley.  Furthermore, in a deposition taken on January 10, 2007 – six months ago – a Georgetown official specifically identified Eddy and Salley as the Georgetown security guards who removed Plaintiff from an auditorium.  Plaintiff's Motion to File the Amended Complaint adding Eddy and Salley as defendants was filed on January 25, 2007.  Plaintiff could have and should have diligently pursued discovery.  There was no reason to delay discovery until Eddy and Salley were served with a summons and complaint.  But Plaintiff

---

[2] There is only one expert deposition to take.

[3] Indeed, Plaintiff's counsel first contacted counsel for Defendants on June 27, 2007 to indicate counsel was intending to seek an extension of discovery because of the unavailability of foreign witnesses.  Nevertheless, counsel waited almost three weeks to file this motion.

nevertheless waited until the very last week of fact discovery to schedule their depositions. Eddy was deposed. Salley, who is no longer employed by Georgetown, however, was not served until two days prior to his deposition and he was not deposed.

Second, Plaintiff incorrectly states that "many" of the witnesses he now wants to depose are students that are from foreign countries. This is sheer fabrication. Significantly, Plaintiff does not identify who is out of the country, what efforts (if any) have been made to secure each foreign witness's testimony, and how 90 more days would enable Plaintiff to pursue discovery from those witnesses.[4] Two of the witnesses he wants to depose – Larry Salley and Jeanne Lord – work and reside in this area, not in a foreign country. Plaintiff has known their identities and addresses since December 5, 2006.[5] Moreover, Plaintiff already has taken seven out of his allotted ten depositions. At most, Plaintiff could be seeking to depose only one additional witness who may be out of the country. Thus, there are not "many" foreign witnesses who necessitate the delay of this case. Rather, Plaintiff waited until the last week of fact discovery to try to depose witnesses that had been identified over seven months ago.

Lastly, Defendants would be prejudiced by any discovery extension. Discovery already has taken university administrators away from their jobs. Furthermore, the Defendants have diligently pursued discovery in this matter in accord with the Court's Scheduling and Procedures Order and would be prejudiced by deferral of the resolution of this matter, especially where Plaintiff has no justification for his failure to complete factual discovery on time and has been dilatory even in his request for an extension.

---

[4] By asking for 60 more days from the end of expert discovery, August 15, 2007, Plaintiff is in effect requesting an additional 90 days for fact discovery, which closed on July 16, 2007.

[5] Jeanne Lord, a Georgetown University employee, had also been identified in Defendants' December 5, 2006 initial disclosures as a witness.

## **CONCLUSION**

For the reasons stated, the Defendants oppose the order requested in Plaintiff's Motion To Extend Discovery and For Other Relief.

                Respectfully submitted,

                ___/s/ Colleen F. Shanahan_____

July 19, 2007            WILLIAMS & CONNOLLY LLP
                            John J. Buckley, Jr., D.C. Bar No. 925081
                            Malachi Jones, D.C. Bar No. 455555
                            Colleen F. Shanahan, D.C. Bar No. 496605
                            725 Twelfth Street, N.W.
                            Washington, D.C. 20005
                            Jbuckley@wc.com
                            (202) 434-5000
                            (202) 434-5058 (fax)

                *Of Counsel:*
                Jane E. Genster
                Vice President and General Counsel
                Georgetown University
                37th & O Streets, NW
                Washington, DC 20057
                (202) 687-6500
                (202) 687-6527 (fax)

                Attorneys for Defendants Georgetown University,
                David F. Morrell, Darryl K. Harrison,
                Erik Smulson, Todd Olson, and George W. Taylor.

## CERTIFICATE OF SERVICE

     I certify that the foregoing document was filed with the Court on the 19th day of July, 2007, and that service was made via ECF and by First Class Mail to:

        Thomas Fortune Fay, Esq.
        601 Pennsylvania Avenue, NW
        #900 – South Building
        Washington, D.C. 20004


        ___/s/ Colleen F. Shanahan_____
        Colleen F. Shanahan
        Counsel for Defendants