# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**WILLIAM MANIACI**
**4545 Park Rose Circle**
**Reno, NV 89502**
        **Plaintiff,**

    **v.**                                                                     Civil No.06cv01625

**GEORGETOWN UNIVERSITY**
**Serve: John J. DeGioia, Ph.D., President**
      **37th and O Street, NW**
      **Washington, DC 20057,**
      **And**
**DAVID F. MORRELL**
**Vice President for Campus Safety**
**Georgetown University**
**37th and O Street, NW**
**Washington, DC 20057**
      **And**
**DARRYL K. HARRISON**
**Director - Department of Public Safety**
**Georgetown University**
**Village C, West Wing**
**Georgetown University**
**Washington, DC 20057**
      **And**
**TODD OLSON**
**Vice President for Student Affairs**
**Georgetown University**
**37th and O Street, NW**
**Washington, DC 20057**
      **And**
**OFFICER ROY EDDY**
**1836 Addison Road**
**Forestville, MD 20747**
      **And**
**OFFICER LARRY SALLEY**
**7515 Firethorn Drive**
**Clinton, MD 20735**
        **Defendants.**

## **SECOND AMENDED COMPLAINT FOR DAMAGES**

(1) The Court has jurisdiction of this action in accordance with the provisions of 28 United States Code §§§ 1331, 1332, and 1343. The Court has original jurisdiction over this case, under 28 U.S.C. § 1331 and § 1343(a)(3), as a civil action arising under the laws of the United States, to wit, 42 United States Code § 1983, in that the Defendants, individually and jointly, acting under color of law, intended to and did deprive the Plaintiff of privileges secured by the Constitution and laws of the United States including his right to freedom of speech and assembly, his right to liberty and his right to be free from physical harm.  The Court also has jurisdiction under 28 U.S.C. § 1332 in that the Plaintiff is a citizen of the United States and resident of the Nevada and the individual Defendants are citizens of the District of Columbia or states other than Nevada, and the corporate Defendant is a non-profit corporation organized under the laws of the District of Columbia. This amount in controversy exceeds the sum or value of $75,000, exclusive of costs, and no Defendant is a citizen or resident of the State of Nevada.

(2) On Saturday, February 18, 2006 at 10:00 a.m. William Maniaci, a sixty four year old man properly attired in a business suit and hat and walking with a cane, entered the Georgetown University campus through the main pedestrian entrance, and proceeded to the ground floor of a large building where he registered for the Palestinian Solidarity Conference. At the registration desk, Mr. Maniaci provided his name, biographical information, identification, and paid the ten dollar fee charged by Georgetown University as a condition of registration as a participant in the Palestinian Solidarity Conference in cash. He was given a badge, which he pinned on his left lapel, and a document entitled

"Speech and Expression at Georgetown University" explaining the rights to which he was entitled in accordance with the license to participate in the Palestinian Solidarity Conference which he had just purchased. That document provided as "Limitations" on "free speech and expression" only a ban on "unlawful activity, actions that endanger or imminently threaten others, or activities that disrupt or obstruct the functions of the University." A copy is attached as Exhibit "A." Mr. Maniaci then proceeded through the screening area and took the elevator to the third floor and entered Gaston Hall. This event was to be a presentation by four panelists regarding divestment by Georgetown University of investments connected in some manner with Israel. It was advertised as open to the public.

(3) The event started at approximately 11:15 a.m. The presentations lasted for thirty to forty minutes, after which the panel took questions from the audience. At this time, Mr. Maniaci stood up, as fourth in line, in front of the microphone to ask a question. Mr. Maniaci waited his turn and then asked his question. Mr. Maniaci asked the panel: "If you approve or disapprove of the use of suicide bombers who murder innocent Israeli citizens as a means to accomplish your goals?" The panelists avoided answering the question and the faculty staff advisor pointed for the next question. At such time, Mr. Maniaci raised his hand and said: "Excuse me, but you did not answer the question." A faculty member identified as Todd Olson, Vice President of Georgetown University for Student Affairs, wanted to move on, so Mr. Maniaci repeated his statement again and was again dismissed by Mr. Olson who then indicated that he wanted the Georgetown University Police, including Officers Roy Eddy and Larry Salley to remove the Plaintiff.

(4) At this moment, two muscular, campus police officers in their Georgetown University uniforms, who have been identified as Officers Roy Eddy and Larry Salley, grabbed Mr. Maniaci, who responded: "I have not done anything wrong". The two campus police officers violently jerked Mr. Maniaci from his seat. He did not resist at all. As the officers pulled at Mr. Maniaci, he felt a blow to his right side, taking his breath away and causing him to gasp for air. Mr. Maniaci then dropped all of his papers and a notebook, but held onto his cane. He was thrown onto the aisle floor and dragged down the aisle. His limbs and head bumping into objects while being dragged. Mr. Maniaci was then lifted off the floor, hitting his head, and then thrown through the doors into the hallway on the concrete floor. Mr. Maniaci again hit his head as he hit the floor and bent his cane. During this period a Georgetown University official, identified as David F. Morrell, Vice President for Campus Safety, was requested by bystanders to take action to stop the assault but refused.

(5) Mr. Maniaci could not get up off the floor and he saw the room spinning. After waiting several minutes, Mr. Maniaci tried to get up, but lost his balance and started to fall when Robert Turk and Matt Finberg caught him. When Mr. Maniaci looked around there was a crowd around him taking pictures. A University official tried to block the cameras. At this time none of the Georgetown University faculty, officials or campus police helped him. A University official approached him and told him to leave and walked with him out to the main entrance.

(6) Mr. Maniaci, Robert Turk, and Matt Finberg then approached the Inter-Cultural Center where vendor tables had been set up. In the foyer Mr. Maniaci was the surrounded by six campus police officers and was pushed against a glass window. Mr.

Maniaci asked if he was being arrested, in which they responded with "no." Mr. Maniaci was blocked and was told not to go anywhere. At that time Mr. Maniaci told the officers that he was not feeling well, he needed to rest, and he needed to go to the restroom. Mr. Maniaci informed the officers that he has a medical condition, in which he uses the restroom often. An officer stepped towards Mr. Maniaci, forcing him to back up and making it impossible to move past the officer. Then the chief of campus police, identified as David F. Morrell, Vice President for Campus Safety, approached Mr. Maniaci and told him that he was being barred from the conference. Matt Feinberg (who was with Mr. Maniaci) asked to speak to the University Provost, but his request was denied. Mr. Maniaci continued to ask to use the restroom. After much time had passed, an officer agreed to allow Mr. Maniaci to go to the bathroom. But the officer kept the door to the bathroom (which was single enclosed room) wide open and watched Mr. Maniaci urinate. Robert Turk and Matt Feinberg were still helping Mr. Maniaci to stand and get around. Mr. Maniaci was then approached by an officer from the D.C. Metropolitan Police Department in the foyer of the Inter-Cultural Center. The officer had been called by the University to escort Mr. Maniaci off of the campus.

(7) The next day, Sunday, February 19, 2006, Mr. Maniaci blacked out on the street, and his friends took him to Walter Reed Army Medical Center, where he was told he had suffered a concussion, sprain of the right ankle, contusions to the right abdomen, right upper arm, right wrist, and abrasions to the legs.

(8) Georgetown University is a non-profit corporation which is organized under the laws of the District of Columbia. The Office of Public Safety is the office of

Georgetown University to which the Public Safety Officers report and are supervised according to literature published by Georgetown University:

> "All Public Safety officers are unarmed, commissioned special police officers, vested through the District of Columbia Metropolitan Police Department. They have the ability to protect and defend the University, including full powers of arrest."

Georgetown University pays the salary of the officers and has exclusive control over the officers in the department of Public Safety. The actions taken by the officers, against Mr. Maniaci, were in the scope of their employment, and in furtherance of the business of Georgetown University. The officers are not independent contractors in any sense. The actions of the Public Safety Officers were ratified by the officials of Georgetown University who were present, observed the occurrence described above, and did nothing to stop the Officers in their actions.

(9) The Georgetown University Public Safety Officers were acting under the color of law of the District of Columbia, pursuant to D.C. Code § 5-129.02. (2006). Said Officers were at all times under the control and direction of Georgetown University senior staff persons identified as David F. Morrell, Vice President for Campus Safety and Darryl K. Harrison, Georgetown University, Director - Department of Public Safety.

## COUNT I

### Assault and Battery
### Common Law of the District of Columbia

(10)    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(11)    The Defendant, Georgetown University, by and through their agents and supervising officials on the scene, David F. Morrell, Darryl K. Harrison, Todd Olson and

7

Georgetown University Public Safety Officers, Roy Eddy and Larry Salley, committed an assault and battery upon William Maniaci in the following particulars:

    (a) Georgetown University officials ordered Georgetown University Public Safety Officers to forcefully remove William Maniaci from the Georgetown University premises notwithstanding the license with an attendant guarantee of free speech he had purchased without adequate reason for revocation of that license, and those officers complied with said Order;

    (b) Georgetown University Public Safety Officers placed the Plaintiff in apprehension of commission of battery upon him and did then strike the Plaintiff inflicting injuries upon him by throwing Plaintiff through the doors of the establishment and by beating him with their fists and feet, and did thereby inflict harmful and offensive contact upon the Plaintiff;

    (c) Georgetown University Public Safety Officers intended to cause Plaintiff to suffer a contact and apprehension that the contact was imminent;

(12) The Georgetown University officials who ordered the officers to grab the Plaintiff and all other officials with authority witnessing the occurrence, occupied a position of authority, and knew or should have known that the officer's actions had exceeded the force necessary, and failed to act to prevent further harm done to the Plaintiff.

(13) As a direct and proximate consequence of the reckless and excessive conduct of the Defendant's employees and/or agents, including Officers Roy Eddy and Larry

Salley, which was ratified by and is implied by law to the Defendants, Georgetown University, David F. Morrell, Darryl K. Harrison, and Todd Olson, the Plaintiff suffered physical injuries, including hematomas secondary to contusions, a concussion, sprain of the right ankle, contusions to the right abdomen, right upper arm, right wrist, and abrasions to the legs and which have been accompanied by great pain and suffering, humiliation and embarrassment, and the Plaintiff has sustained damages in the amount of One Million Dollars.

**WHEREFORE,** Plaintiff prays that judgment be entered for the Plaintiff, William Maniaci, against the Defendants, Georgetown University, David F. Morrell, Darryl K. Harrison, Todd Olson, Roy Eddy and Larry Salley, jointly and severally, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs.

## COUNT II

### False Arrest
### Common Law of the District of Columbia

(14) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(15) The Georgetown University Public Safety Officers, including the Defendants, Officers Roy Eddy and Larry Salley, intentionally violated William Maniaci's personal interest in freedom of restraint of movement and did restrain him against his will, which was carried out by physical force by said Officers, without probable cause that any criminal offense had been or was about to be committed or that he was engaged in criminal activity, for which they were justified in arresting him.

(16) As a direct and proximate consequence of the actions of the Georgetown University Public Safety Officers, for which the Defendants, Georgetown University,

David F. Morrell, Darryl K. Harrison, and Todd Olson are vicariously liable, Plaintiff, William Maniaci, suffered injuries as above detailed, and mental anguish including fright, shame and mortification, from the indignity and disgrace which resulted from that arrest.

**WHEREFORE,** Plaintiff prays that judgment be entered for the Plaintiff, William Maniaci, against the Defendants, Georgetown University, David F. Morrell, Darryl K. Harrison, Todd Olson, Roy Eddy and Larry Salley, jointly and severally, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs.

## COUNT III

### DEPRIVATION OF RIGHT TO SPEECH AND ASSEMBLY IN VIOLATION OF 42 U.S.C. § 1983 (1989)

(17)   Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(18) The Georgetown University Public Safety Officers, including Officers Roy Eddy and Larry Salley, committed a violation of 42 U.S.C. § 1983, in that, under the color of the laws of the District of Columbia (D.C. Code § 5-129.02), the Georgetown University Safety Officers deprived Mr. Maniaci of his First Amendment rights to freedom of speech in a public forum, freedom of association, freedom from physical harm and freedom from arrest except upon probable cause, in the following particulars:

    (a)  Accosting William Maniaci;

    (b)  Assaulting William Maniaci;

    (c)  Falsely arresting by deprivation of freedom to move or leave, William Maniaci;

    (d)  Preventing William Maniaci from using the restroom;

(c) Preventing William Maniaci from participating in the Palestinian Conference, for which he had registered and paid a fee;

(d) Conducting forceful actions and excessive force towards William Maniaci;

(e) Failing to act and stop the Officers from applying excessive force towards William Maniaci;

(g) Harassing, humiliating and embarrassing William Maniaci in the presence of his peers;

(h) Defendant, Todd Olson, Vice President of Georgetown University, acting in his official capacity, as a policymaker, but not limited to only policymaker, including authority over officers of the Georgetown University Police Department, instructed Defendants Officers Eddy and Salley to physically remove William Maniaci to prevent him from speaking in the exercise of his free speech rights for which he had paid an admission fee, notwithstanding his admission that Mr. Maniaci did nothing unlawful;

(i) Defendant, David Morrell, Vice President of Georgetown University for Public Safety, acting in his official capacity, as a policymaker, but not limited to only policymaker, including supervision of the Georgetown University Police Department, was requested by bystanders to stop the actions of Defendants Eddy and Salley but would not do so and permitted the officers to place hands upon William Maniaci and drag him from the Healy Building, notwithstanding Mr. Morrell's admission that Mr. Maniaci did not act in an unlawful manner at any time.

(j) Defendant, Darryl K. Harrison, Director of Public Safety of Georgetown University, functioning as the police chief of the Georgetown University

Police Department, as a policymaker, but not limited to only policymaker, notwithstanding the Plaintiff's purchase of a license to exercise his free speech rights, directed and participated in preventing Mr. Maniaci from staying on the Georgetown University Campus and exercising those rights.

(k) Defendant, Georgetown University, functioning as the institution or municipality, in implementing policy that tolerated and permitted a practice of unjustified, unreasonable, and unlawful harassment and deprivation of liberty without due process of the law.

(19) As a direct and proximate consequence of the reckless and excessive conduct of the Defendant Georgetown University's employees and/or agents, including Officers Roy Eddy and Larry Salley, which is implied by law to the Defendants, Georgetown University, David F. Morrell, Darryl K. Harrison, and Todd Olson, the William Maniaci suffered physical injuries, including damage to concussion, sprain of the right ankle, contusions to the right abdomen, right upper arm, right wrist, and abrasions to the legs and which have been accompanied by great pain and suffering, fear, humiliation and embarrassment, and deprivation of his rights pursuant to United States law and the Plaintiff has sustained damages in the amount of one million dollars.

**WHEREFORE,** Plaintiff prays that judgment be entered for the Plaintiff, William Maniaci, against the Defendants, Georgetown University, David F. Morrell, Darryl K. Harrison, Todd Olson, Roy Eddy and Larry Salley, jointly and severally, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorneys fees.

### COUNT IV

### PUNITIVE DAMAGES

(20) Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(21) The actions of the agents and employees of the Defendant, Georgetown University, were intentional, were without reasonable or just cause, were in violation of Plaintiff's rights pursuant to the Constitution and Laws of the United States and were ratified by the said Defendant, Georgetown University, which is thereby liable for punitive damages.

**WHEREFORE,** Plaintiff prays that judgment be entered for the Plaintiff, William Maniaci, against the Defendants, Georgetown University, David F. Morrell, Darryl K. Harrison, Todd Olson, Roy Eddy and Larry Salley, jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs and attorneys fees.

**Date: 9/18/2007**                                        **THOMAS FORTUNE FAY, PA**

                                        **By:** *Thomas Fortune Fay*
                                        **Thomas Fortune Fay (D.C. Bar #23929)**
                                        **601 Pennsylvania Avenue, NW**
                                        **#900 South Building**
                                        **Washington, DC 20004**
                                        **202/638-4534**
                                        **Attorney For Plaintiff**

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury as to all issues.

*Thomas Fortune Fay*_____
**Thomas Fortune Fay**
**Attorney for Plaintiff**