UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM MANIACI | ) | |
| | ) | |
| Plaintiff, | ) | ANSWER OF DEFENDANT |
| | ) | LARRY SALLEY TO PLAINTIFF'S |
| vs. | ) | SECOND AMENDED COMPLAINT |
| | ) | |
| GEORGETOWN UNIVERSITY | ) | |
|    37th and O Streets, NW | ) | |
|    Washington, D.C. 20057; | ) | Docket No. 06 CV 01625 (CKK/JMF) |

WILLIAM MANIACI

        Plaintiff,

vs.

GEORGETOWN UNIVERSITY
   37th and O Streets, NW
   Washington, D.C. 20057;

DAVID F. MORRELL
   Vice President, University Safety
   Georgetown University
   37th and O Streets, NW
   Washington, D.C. 20057;

DARRYL K. HARRISON
   Director of Public Safety
   Georgetown University
   37th and O Streets, NW
   Washington, D.C. 20057;

TODD OLSON
   Vice President for Student Affairs
   Georgetown University
   37th and O Streets, NW
   Washington, D.C. 20057; and

ROY EDDY
   Department of Public Safety
   Georgetown University
   37th and O Streets, NW
   Washington, D.C. 20057

LARRY SALLEY
   Department of Public Safety
   Georgetown University
   37th and O Streets, NW
   Washington, D.C. 20057

        Defendants.

ANSWER OF DEFENDANT
LARRY SALLEY TO PLAINTIFF'S
SECOND AMENDED COMPLAINT

Docket No. 06 CV 01625 (CKK/JMF)

Defendant Larry Salley ("Defendant Salley"), by and through his undersigned attorneys, file this Answer to Plaintiff's Second Amended Complaint ("Complaint"). The following numbered paragraphs correspond to the numbered paragraphs of the Complaint:

1. Defendant Salley admits that Georgetown University is a not-for-profit corporation chartered by Congress with its principal place of business in the District of Columbia. Defendant Salley admits that he is not a citizen of Nevada. The remaining allegations contained in paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

2. Defendant Salley denies that the "Speech and Expression at Georgetown University" document entitled Plaintiff to any rights. Furthermore, Defendant Salley denies that registration for the conference created a license or granted any rights to Plaintiff. Defendant Salley admits that registration for the Palestine Solidarity Movement Conference was advertised as open to the public. Further, Defendant Salley denies that the copy of the Complaint served on him included an "Exhibit A." With respect to the remaining allegations in paragraph 2, Defendant Salley lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the allegations are denied.

3. Defendant Salley admits that the panel on the morning of February 18, 2006 included presentations followed by a question and answer session. Defendant Salley denies that Todd Olson indicated that he wanted Officers Eddy and Salley to remove the Plaintiff. With respect to the remaining allegations in paragraph 3, Defendant Salley lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the allegations are denied.

4. Defendant Salley admits that Plaintiff was removed from Gaston Hall. The remaining allegations in paragraph 4 are denied.

5. Defendant Salley lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's subjective feelings and perceptions. Defendant Salley admits that Plaintiff was asked to leave and was escorted out of the building. The remaining allegations in paragraph 5 are denied.

6. Defendant Salley admits that, after being removed from Gaston Hall, Plaintiff attempted to enter the Intercultural Center. Defendant Salley admits that the Plaintiff was informed that he could not enter the Intercultural Center, that he was informed that he had been barred from the conference, and that he was informed that he was not under arrest. Defendant Salley admits that Plaintiff was permitted to use the restroom in the Intercultural Center. Defendant Salley also admits that it was necessary to call a member of the District of Columbia Metropolitan Police Department after Plaintiff refused to leave the campus. The remaining allegations in paragraph 6 are denied.

7. Defendant Salley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. To the extent a response is required, the allegations are denied.

8. Defendant Salley admits that Georgetown University is a not-for-profit corporation chartered by Congress with its principal place of business in the District of Columbia and that Public Safety Officers are assigned to the Department of Public Safety. Defendant Salley admits that Department of Public Safety officers are paid by the University and that these officers are unarmed, commissioned special police officers. The remaining allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT I
## ASSAULT AND BATTERY
## COMMON LAW OF THE DISTRICT OF COLUMBIA

10. Defendant Salley incorporates by reference, as if fully set forth herein, each of his responses to the preceding paragraphs of the Complaint.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12. Denied.

13. Paragraph 13 states legal conclusions to which no response is required. Further, Defendant Salley lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required to the remainder of paragraph 13, the allegations are denied.

## COUNT II
## FALSE ARREST
## COMMON LAW OF THE DISTRICT OF COLUMBIA

14. Defendant Salley incorporates by reference, as if fully set forth herein, each of his responses to the preceding paragraphs of the Complaint.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. Paragraph 16 states legal conclusions to which no response is required. Further, Defendant Salley lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required to paragraph 16, the allegations are denied.

## COUNT III
## DEPRIVATION OF RIGHT TO FREE SPEECH AND ASSEMBLY
## IN VIOLATION OF 42 U.S.C. § 1983 (1989)

17. Defendant Salley incorporates by reference, as if fully set forth herein, each of his responses to the preceding paragraphs of the Complaint.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

19. Paragraph 19 states legal conclusions to which no response is required. Further, Defendant Salley lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required to the remainder of paragraph 19, the allegations are denied.

## COUNT IV
## PUNITIVE DAMAGES

20. Defendant Salley incorporates by reference, as if fully set forth herein, each of his responses to the preceding paragraphs of the Complaint.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Salley denies that Plaintiff is entitled to the relief requested in his Complaint. All allegations not specifically admitted by Defendant Salley in this Answer are denied.

## DEFENSES

Defendant Salley raises the following defenses to the Complaint:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Jurisdiction in this Court pursuant to 28 U.S.C. § 1332 is not appropriate as the amount in controversy does not exceed $75,000.

      3.      Defendant Salley acted at all times in good faith and in accordance with the United States Constitution, the laws of the United States, and the laws of the District of Columbia.

      4.      Any injury sustained by Plaintiff was caused in whole or in part by Plaintiff's conduct or by the acts of others for whom Defendant Salley is not responsible.

      5.      Any injury sustained by Plaintiff was caused in whole or in part by superseding and/or intervening causes.

      6.      If discovery uncovers evidence to support this defense, Defendant Salley reserves the right to contend that Plaintiff's claims are barred in whole or in part by a failure to mitigate damages.

      7.      Plaintiff's claims are barred or subject to reduction by the doctrine of contributory and/or comparative negligence.

      8.      An award of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution.

      9.      At all times Defendant Salley acted within the scope of his discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling him to qualified immunity from suit and damages.

      10.      At all times Defendant Salley acted within the scope of his discretionary authority and with a reasonable, good faith belief that his actions were lawful and proper, thereby entitling him to qualified immunity from suit and damages.

      11.      Defendant Salley reserves the right to assert any and all other defenses, including affirmative defenses that become available during the course of discovery or trial.

WHEREFORE, Defendant Salley requests that the Complaint be dismissed in its entirety, that Plaintiff be denied all relief, that judgment be entered against Plaintiff and in favor of Defendant Salley, and that Defendant Salley be awarded attorney's fees and costs expended herein, along with such other relief as the Court deems just and proper.

Respectfully submitted,

   /s/ Malachi B. Jones
WILLIAMS & CONNOLLY LLP
John J. Buckley, Jr., D.C. Bar No. 925081
Malachi B. Jones, D.C. Bar No. 455555
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

November 6, 2007                    Attorneys for Defendants Georgetown University, Morrell, Harrison, Olson, Eddy, and Salley.

**CERTIFICATE OF SERVICE**

  I certify that the foregoing document was filed with the Court on the 6th day of November, 2007, and that service was made via ECF and by First Class Mail to:

    Thomas Fortune Fay, Esq.
    601 Pennsylvania Avenue, NW
    #900 – South Building
    Washington, D.C. 20004

        ___/s/ Malachi B. Jones_____
         Malachi B. Jones