# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM MANIACI ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-01625 (CKK) |
| ) | |
| v. ) | |
| ) | |
| GEORGETOWN UNIVERISTY, et al. ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF LARRY SALLEY

I, Larry Salley, hereby declare as follows:

1. I was, until April 2006, employed as an officer in the Department of Public Safety ("DPS") at Georgetown University ("Georgetown").

2. I was, as of February 18, 2006, commissioned as a special police officer pursuant to District of Columbia law.

3. On February 17–19, 2006, the Palestine Solidarity Movement Conference (the "Conference") was held on Georgetown's campus.

4. On February 18, 2006, I was assigned to provide security at Gaston Hall during the Conference. I was initially posted in the hallway outside Gaston Hall.

5. Roy Eddy, another DPS officer who was posted outside Gaston Hall along with me, and I were told that if anyone became disruptive, we would be asked to come inside and escort that person from the auditorium.

6. After I had been standing outside Gaston Hall for about twenty minutes, Officer Eddy indicated that I should follow him into the auditorium.

7. Inside Gaston Hall, I noticed a gentleman shouting at the panel onstage. After we approached the gentleman he eventually went back to his seat.

8. Officer Eddy then posted me in the right corner of Gaston Hall.

9. Shortly thereafter, another gentleman became disruptive and we were asked to escort him from the hall.

10. I later learned that this gentleman was William B. Maniaci, the plaintiff in this lawsuit.

11. When we approached Mr. Maniaci, he refused to get up. Officer Eddy asked him to leave the room several times but the gentleman refused to comply.

12. At that point, Officer Eddy indicated that I should secure Mr. Maniaci under his left arm. Officer Eddy secured Mr. Maniaci under his right arm and together we lifted him out of his seat.

13. We carried Mr. Maniaci into the aisle, a distance of less than three feet, and he refused to stand and walk but instead went limp. As we continued carrying Mr. Maniaci down the aisle and toward the hallway outside the auditorium, Mr. Maniaci engaged in further acts of resistance. He remained limp and he repeatedly attempted to trip me by placing his cane between my legs.

14. After carrying him out of Gaston Hall, we placed Mr. Maniaci on the floor in the hallway. I did not have any other physical contact with Mr. Maniaci in or outside Gaston Hall.

15. I understand that Mr. Maniaci has alleged that I kneed him and struck him in the process of carrying him from Gaston Hall. I did not do either of these things.

16. After Officer Eddy and I placed Mr. Maniaci in the hallway, I then immediately went back inside Gaston Hall and posted myself between the entrance doors.

17. I did not have any further interaction with Mr. Maniaci after removing him from Gaston Hall.

18. A few minutes after I reentered Gaston Hall, another gentleman became disruptive and the order was given to escort him from the auditorium. When Officer Eddy and I approached him and asked him to leave, the gentleman agreed and left the room without incident.

19. I then returned to my post at the entrance doors until the Conference seminar was over.

20. I was not present at the Bunn Intercultural Center on February 18, 2006.

21. I was not armed on February 18, 2006. I did not carry any other weapon or baton either.

22. My purpose in removing Mr. Maniaci was to enforce Georgetown's private policies. My purpose was not to enforce any criminal laws and I did not act pursuant to my powers as a special police officer.

23. I did not arrest or handcuff Mr. Maniaci on February 18, 2006.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed at on this 11th day of January, 2008.

*Larry Salley*

3