UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM MANIACI,<br><br>  Plaintiff,<br><br>  v.<br><br>GEORGETOWN UNIVERSITY, *et al.*,<br><br>  Defendants. | Civil Action No. 06–1625 (CKK) |

**ORDER**
(February 19, 2008)

Defendants filed a [39] Motion for Summary Judgment in this matter on January 14, 2008. Plaintiff filed his [43] Opposition to Defendants' Motion for Summary Judgment on February 11, 2008, a second [44] Opposition on February 12, 2008, and a [45] Supplemental Memorandum on February 12, 2008. Plaintiff attached to his submissions an Opposing Statement of Material Facts Not in Dispute styled "Plaintiff's Reply to Defendant's [sic] Statement of Material Facts" (hereinafter "Plaintiff's Response"). Plaintiff's Response fails to comply with Local Civil Rules 7(h) and 56.1, and with this Court's November 20, 2007 Order, which specifically advised the Parties that "[t]he Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules." Order dated Nov. 20, 2007 at 1 (citing *Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002)).

The District Court for the District of Columbia has supplemented Federal Rule of Civil Procedure 56 with LCvR 56.1, which requires that each party submitting a motion for summary judgment attach a statement of material facts to which that party contends there is no genuine issue, with specific citations to those portions of the record upon which the party relies in

fashioning the statement.[1]  The party opposing such a motion must, in turn, respond to the statement of material facts with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied.  The responding party must also include any information relevant to its response in that paragraph, and furnish precise citations to the portions of the record on which the responding party relies.  *See* Order dated Nov. 20, 2007 at 1-2.  Where the opposing party fails to discharge this obligation, a court may take all facts alleged by the movant as admitted.  LCvR 56.1.  As the District of Columbia Circuit has emphasized, "[LCvR 56.1] places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record."  *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (citing *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992)).  Because of the significance of this task and the potential hardship placed on the court if parties are derelict in their duty, courts require strict compliance with LCvR 56.1.  *See id*. at 150 (citations omitted).  Plaintiff's

---

[1] The Rule provides, in relevant part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . .  In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

LCvR 56.1 (formerly known as Local Rule 108(h)).

Response fails to comply with the requirements imposed by Local Civil Rule 56.1. Plaintiff repeatedly lists the word "Deny" in Response to Defendants' Statement of Material Facts, but fails to include any information relevant to his response and furnish precise citations to the portions of the record on which he relies.

Accordingly, it is this 19th day of February, 2008, hereby

**ORDERED** that [43] Plaintiff's Opposition to Defendants' Motion for Summary Judgment, [44] Memorandum in Opposition, [45] Supplemental Memorandum, and the accompanying "Plaintiff's Reply to Defendant's [sic] Statement of Material Facts," shall be stricken; it is also hereby

**ORDERED** that Plaintiff shall file a revised Opposition to Defendants' Motion for Summary Judgment, including a properly prepared response to Defendants' Statement of Material Facts Not In Dispute, which responds to each paragraph of Defendants' Statement with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. Plaintiff should include any information relevant to his response in that paragraph. If Plaintiff has additional facts that are not addressed in the corresponding paragraphs, Plaintiff should include them at the end of his responsive statement of facts. At all points, Plaintiff must furnish precise citations to the portions of the record on which he relies; it is also hereby

**ORDERED** that Plaintiff shall file his revised Opposition on or before March 4, 2008. The Court is allowing Plaintiff an opportunity to properly comply with his obligations pursuant to Local Civil Rules 7(h) and 56.1 instead of treating the facts alleged by Defendant as conceded. If Plaintiff's submission on March 4, 2008, fails to comply with Local Civil Rules 7(h) and 56.1, the Court shall treat Defendants' Statement of Material Facts as admitted by Plaintiff; and it is

further

**ORDERED** that Defendants shall file a Reply to Plaintiff's Revised Opposition on or before March 18, 2008.

**SO ORDERED.**


Date:  February 19, 2008

                     */s/*_____
                     COLLEEN KOLLAR-KOTELLY
                     United States District Judge