# EXHIBIT 60

Case 1:06-cv-01625-LFO    Document 48-5    Filed 03/18/2008    Page 1 of 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM MANIACI,

    Plaintiff,

vs.

GEORGETOWN UNIVERSITY, ET AL.,

    Defendants.

CA No. 06-1625
Washington, DC
September 28, 2007
9:05 a.m.

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:    THOMAS FORTUNE FAY, ESQUIRE
700 Fifth Street, NW
Washington, DC  20001
(202) 589-1300

For the Defendant:    MALACHI BROWN JONES, ESQUIRE
RICHA SHYAM DASGUPTA, ESQUIRE
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC  20005
(202) 454-5754

Court Reporter:    Lisa M. Hand, RPR
Official Court Reporter
U.S. Courthouse, Room 6505
333 Constitution Avenue, NW
Washington, DC  20001
(202) 354-3269

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription

```
 1                    P R O C E E D I N G S
 2            THE COURT:  Good morning, everyone.
 3            MR. JONES:  Good morning, Your Honor.
 4            MR. FAY:  Good morning, Your Honor.
 5            THE COURT:  Let's proceed.
 6            COURTROOM DEPUTY:  Civil case 06-1625 William
 7   Maniaci versus Georgetown University.  Counsel would you
 8   please come forward and identify yourself for the record.
 9            MR. FAY:  Thomas Fortune Fay representing
10   Mr. Maniaci.
11            THE COURT:  Okay.
12            MR. JONES:  Malachi Jones representing the
13   Defendants, Georgetown University, David Morrell, Darryl
14   Harrison and Todd Olson.  And with me from Williams & Connolly
15   is Risha Dasgupta.
16            THE COURT:  And how do you spell her last name?
17            MR. JONES:  D-A-S-G-U-P-T-A.
18            THE COURT:  Has she entered an appearance?
19            MR. JONES:  No, Your Honor, she hasn't.
20            THE COURT:  Okay.  Not everybody that works on
21   things has to enter an appearance.
22            MR. JONES:  She's just observing.
23            THE COURT:  Okay.  In terms of where we are -- in
24   terms of an extension for discovery, I had requested a
25   discovery plan to be done by September 17th if there was going
```

1  to be any request, nothing was filed, so I'm assuming that's
2  dead as an issue?
3          MR. FAY: That's correct, Your Honor. We already
4  deposed Mr. Eddy and Mr. Salley. Now, I suppose if they come
5  up with some unique defense, I don't know what exactly that
6  might be, we want to leave our options -- I don't anticipate
7  anything like that, this is a pretty straightforward case.
8          THE COURT: Then the discovery as far as I'm
9  concerned is done.
10         MR. JONES: Yes. Yes.
11         THE COURT: So, the next issue was in the motion to
12 dismiss I had indicated that by September 21st, in essence,
13 they had to amend Count 3, and I did -- and they have done so.
14         MR. FAY: Correct.
15         THE COURT: I've looked at it and I think they've
16 set out what would be sufficient to pass muster as a motion to
17 dismiss. So, the next question is, what's the next phase,
18 what do you want to do next?
19         MR. FAY: Your Honor, we have never gotten to
20 mediation. Now, presumably there's going to be no difference
21 really between -- well, let me put it this way. I think of
22 the two people we added, Mr. Eddy is still employed by
23 Georgetown, and I believe Mr. Jones and his firm will be --
24 actually have entered an appearance or will be entering an
25 appearance for him.

```
 1            With regard to Mr. Salley, he doesn't -- I don't
 2   pretend to have any idea what Mr. Salley's situation is.  If
 3   he has a million dollar general liability blanket coverage on
 4   his homeowner's policy, gee, welcome to the case.
 5            THE COURT:  Let me just simply ask, and I should
 6   probably clarify.  From Georgetown's perspective or from your
 7   perspective, your firm's, who exactly are you representing as
 8   we go forward?
 9            MR. JONES:  Your Honor --
10            THE COURT:  Of the people that are left.
11            MR. JONES:  Right now we're representing Defendants
12   Georgetown University, Darryl Harrison, David Morrell and Todd
13   Olson.  I've represented to Mr. Fay that we have agreed to
14   accept service for Defendant Roy Eddy, and that we'll also be
15   representing him going on here forward.  And we'll be filing
16   an answer on behalf of those Defendants, as the Court had
17   indicated and ordered by October 5th.
18            As for Mr. Salley, I can't make any representations
19   about him.  I don't know if he's going to represent himself
20   pro se or if he's going to get his own attorney, I have no
21   representations to make about that.
22            THE COURT:  Okay.  In terms of Mr. Salley, I take
23   it he's no longer working for Georgetown, is that correct?
24            MR. JONES:  That's correct, Your Honor, he hasn't
25   been working for Georgetown since before this suit was filed.
```

```
 1              THE COURT:  But you did serve him?
 2              MR. FAY:  We have not yet served him, Your Honor,
 3   we will get service I hope within the next couple of days
 4   here.  I would think that --
 5              THE COURT:  Well then, frankly, until you get all
 6   the parties in, this is not going to go any further.  We'd
 7   have to get -- I'm surprised that you haven't served him if
 8   you've done all the discovery.  Frankly, he should have been
 9   dismissed out.  If I had been on top of this I would have
10   dismissed him out or given you some option of what you were
11   going to do so that we would not be having him come in at the
12   end where he may want different discovery.  But you're
13   planning on bringing him in?
14              MR. FAY:  Yes, Your Honor.
15              THE COURT:  Any reason he hasn't been served at
16   this point?
17              MR. FAY:  We were having difficulty getting the
18   computer to -- by computer, the Court PACER system, to take
19   the amended complaint.  Apparently it was set up originally
20   with the idea that any amended complaint that came in would be
21   accompanied by a motion, which of course is the case probably
22   90 percent of the time, but --
23              THE COURT:  But he should have been served
24   originally, I mean, you filed the suit a long time ago.
25              MR. FAY:  Yeah, but he wasn't a defendant to begin
```

1  with.
2       THE COURT: He wasn't a defendant until you put him
3  in the amended complaint?
4       MR. FAY: That's correct.
5       THE COURT: Now I remember. I remember now. All
6  right. Why don't I set a timeframe by which you need to serve
7  him because we need to have him either in the case or not in
8  the case. If you're going to accept service for Mr. Eddy then
9  that resolves that in terms of presumably not needing any
10 additional discovery, is that correct?
11      MR. JONES: That's correct, Your Honor.
12      THE COURT: Okay. So, tell me by when you're going
13 to get Mr. Salley in?
14      MR. FAY: Well --
15      THE COURT: Give me -- do you have -- have you
16 identified where he is?
17      MR. FAY: Yes, we have a good address, I believe,
18 for him, provided by the present defendants.
19      THE COURT: So, can you get it done in 30 days?
20      MR. FAY: Yes, Your Honor.
21      THE COURT: Okay. So let's suppose we get him
22 served by October 31st. I've totally forgotten that you put
23 these in in the amended complaint. So, by October 31st he
24 should be served, and I think we need to set another status
25 before going forward. I don't have a problem if people are

```
 1   willing to have a discussion with ADR in the meantime, that
 2   certainly would be helpful.  Is Georgetown interested or not?
 3          MR. JONES:  Yeah, I don't think that it's worth it
 4   to go to mediation until Mr. Salley's in the case and we've
 5   resolved who's going to represent him.
 6          THE COURT:  Okay.  Then let me have you come in in
 7   November when hopefully at that point there would have been
 8   some -- I would make an effort to try to serve him as quickly
 9   as you can, Mr. Fay, so that he actually has some time in
10   here.
11          MR. FAY:  Certainly.
12          THE COURT:  Even though I've given you more than --
13   how about November 20th, either that or November 6th.  My
14   concern about November 6th is that if he has not had an
15   opportunity, depending on when you actually serve him, whether
16   that's enough time.  Can you do it on the 20th, that is the
17   week of Thanksgiving, does that work?
18          MR. JONES:  Yes, that works for us.
19          MR. FAY:  That's fine, Your Honor.  What time, Your
20   Honor?
21          THE COURT:  What's open?
22          COURTROOM DEPUTY:  You can do a 9:00.
23          THE COURT:  How about at 9:00 o'clock?  And we'll
24   call this a status, and at that point hopefully we'll have
25   Mr. Salley -- once he gets served if you'd file immediately so
```

1  that all of us are on notice that he's been served, and there
2  can be some discussion with him at your end in terms of whose
3  going to be representing him and how he's planning on
4  proceeding with this case.
5         MR. JONES: Yes, Your Honor. As far as the
6  defendants that we represent now, all except Salley, since
7  discovery is completed, we're ready to move forward to
8  mediation and move forward to summary judgment briefing. So,
9  depending on who represents Salley, if he's ready and he
10 doesn't need any additional discovery and he's ready to move
11 forward to mediation, we'd be willing to schedule that as soon
12 as possible, if that's possible, even before that
13 November 20th status hearing we would try to do that.
14        THE COURT: Well, what I can do is -- what I can do
15 at this point is -- why don't I send you to mediation just so
16 that you get on the calendar for the Magistrate Judge, I'll
17 send you to Magistrate Judge Kay.
18        MR. FAY: Your Honor, let me bring up one thing
19 with regard to Magistrate Judge Kay. He is the presiding
20 judge in a case, actually, where the court reporter for Your
21 Honor was reporting the other day in which I am, without going
22 into a long explanation, an interrelated party having to do
23 with fees, removal from escrow accounts and a lot of -- I
24 could go on and on, but since he is the presiding judge in
25 that --

```
1          THE COURT:  It is a nonjury?
2          MR. FAY:  It's a nonjury trial, yes, Your Honor.
3   And that's compounded by the fact that part of it that I am in
4   is assigned to Judge Friedman who has indicated he is going to
5   recuse himself, so it's --
6          THE COURT:  Okay.  If you think there's a concern
7   there I can send you to Magistrate Judge Facciola.
8          MR. FAY:  That's fine, Your Honor.
9          THE COURT:  Does that work?
10         MR. JONES:  That's fine.
11         THE COURT:  Why don't I do it as of today's date
12  just so we get this moving, September 28th.  And I will set it
13  through -- why don't I set it through, say, December 7th.  And
14  these dates can be moved around, I mean, once their case is
15  referred to them they can shift it around, but we'll have it
16  go beyond the time period that we're talking about here.  I'll
17  have you come in on the 20th just to make sure.
18         If it looks like he's gotten in earlier, you've
19  gone to mediation and, you know, we'll still need to have you
20  come back and set some dates and stuff, but at least at that
21  point you can give me some indication as to whether you need
22  more time to mediate or what you're doing on the 20th, instead
23  of waiting until the December dates.  Because it seems to me
24  the next phase would be the ADR and then any kind of motion
25  schedule at a later point.
```

```
 1          So, let me send it to Magistrate Judge Facciola
 2  from today's date to the 7th.  My suggestion would be to try
 3  and -- as you're leaving here is to perhaps pick a date after
 4  which you would expect Mr. Salley would have been served in
 5  order to get on Magistrate Judge Facciola's calendar because
 6  if you call up at the last minute he may not have any
 7  openings.  Since you're both here, why don't you just go down
 8  and look at your calendars and figure out a date that looks
 9  good, with the idea that hopefully Mr. Salley would be
10  involved, either showing up himself or some other arrangement.
11          MR. FAY:  Would Your Honor have any objection if
12  Mr. Jones has the time right now, for us to take a stroll by
13  Judge Facciola's chambers and see if we can get a date set up?
14          THE COURT:  That's what I'm suggesting to you.
15  Yeah, yeah, no, no, no.  Since you're both here, you got your
16  calendars, go down, he's on the second floor, get on his
17  calendar for a date that's good for the two of you, giving
18  yourself a little bit of time to hopefully get Mr. Salley
19  served.  But calling the week before to try and come in
20  doesn't work, their calendars are farther out than that.  So,
21  I would take the opportunity to do it.
22          If it looks fruitful, once you start talking to
23  Magistrate Judge Facciola, and you want to have it extended
24  beyond December 7th or it doesn't seem useful to come in on
25  the 20th, you know, file something and we can shift this
```

1  around.  Once he gets it he can request that it be extended or
2  whatever else is going to happen.
3          If you do settle it, let me just mention, it's my
4  procedure if you reached a settlement in principle, is to
5  dismiss the case without prejudice for whatever time period
6  you want to refinalize it, at the end of which it's dismissed
7  automatically with prejudice without anything further from
8  either counsel having to file something.  You can do that even
9  if you want me for some reason to sign some consent judgment,
10 but if you don't want that then it just gets done.
11         If for some reason it falls apart, the case comes
12 back where we stopped and we move forward or you need more
13 time to actually finalize it.  What it does do is it stops
14 your having to do any more work on it other than settle it.
15 So, otherwise, you can't just sort of give yourselves a stay
16 in the case.  But it should be, certainly, if you've reached
17 it at least in principle, it always takes time to finalize
18 things.
19         MR. JONES:  Very well, Your Honor.
20         THE COURT:  At this point we'll set it that by
21 October 31st Mr. Salley will be served, or no later than that.
22 I'll refer the case to Magistrate Judge Facciola from today's
23 date through December 7th.  And we'll set a tentative date of
24 November 20th just to make sure that we check on Mr. Salley,
25 and if it turns out it's not useful to do it, you know, let me

```
 1  know and we can come back some time in December.
 2           MR. JONES:  Very well, Your Honor.
 3           THE COURT:  Any other questions, Mr. Fay?
 4           MR. FAY:  No, Your Honor.  Thank you.
 5           MR. JONES:  Your Honor, I just had one additional
 6  matter.  When Plaintiff filed the second amended complaint it
 7  included a Count 2, which Your Honor had already dismissed,
 8  the false arrest count.  So, I would just make an oral motion
 9  to have that count dismissed at this point in time, or if you
10  want us to file a short motion, we'll do that.
11           THE COURT:  Mr. Fay, I mean, I told you to not
12  change anything but the one count, so you literally did what I
13  asked you to do.  So, what I can do is -- I can just simply
14  do -- when I do the ECF minute entry, I'll include that Count
15  2 is dismissed, I'll go back and look at the opinion, in
16  conformance with my original opinion.
17           MR. FAY:  I was going to suggest that.  Obviously
18  none of us know where the case is going in the end and we
19  don't want it to appear that we've abandoned --
20           THE COURT:  No, I understand, and that's fine.  I
21  will go through the opinion and just point out whatever
22  rulings I have I'll make in conformance and indicate that.
23           MR. FAY:  Very well.
24           MR. JONES:  Very well, Your Honor.
25           THE COURT:  All right.  Parties are excused and
```

1  he's down on the second floor.  Tell him it's coming, the
2  referral.
3          MR. JONES:  Thank you, Your Honor.
4          MR. FAY:  Thank you, Your Honor.  Have a nice day.
5  END OF PROCEEDINGS AT 9:20 a.m.
6
7
8              C E R T I F I C A T E
9          I, Lisa M. Hand, RPR, certify that the
10 foregoing is a correct transcript from the record of
11 proceedings in the above-titled matter.
12
13
14
15                    _____
16                    Lisa M. Hand, RPR
17
18
19
20
21
22
23
24
25