# EXHIBIT 63

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM MANIACI** ) | |
| ) | |
| **Plaintiff,** ) | **Docket No. 06 CV 01625** |
| ) | |
| **vs.** ) | **Judge Kollar-Kotelly** |
| ) | |
| **GEORGETOWN UNIVERSITY, et al.** ) | <u>**Next Scheduled Event:**</u> |
| ) | **September 28, 2007, 9:00 a.m.** |
| **Defendants.** ) | **Status Hearing** |
| ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Local Civil Rules 26.2 and 30.4, and the parties' Joint Status Report as to Discovery Plan, Defendants Georgetown University, David Morrell, Todd Olson, and Darryl Harrison, by and through undersigned counsel, hereby object and respond as follows to Plaintiff's First Set of Interrogatories. In providing information in response to these interrogatories, Defendants do not concede the relevancy, materiality, or admissibility of any such information and hereby reserve all such objections.

## GENERAL OBJECTIONS

The following General Objections form a part of, and are hereby incorporated in, the response to each and every Interrogatory set forth below. Nothing in the Specific Objections and Responses of Defendants should be construed as a waiver of any of these General Objections.

1.     Defendants object to each Interrogatory to the extent that it calls for the production of documents or disclosure of information protected by any privilege, including without

limitation the attorney-client privilege, the work-product doctrine, party communications, witness statements, or any other available and valid grounds for withholding information or documents from production, and all Interrogatories have been read to exclude the discovery and/or production of such privileged information and documents. Any inadvertent disclosure of privileged documents and/or information shall not constitute a waiver of any applicable privilege. Defendants will comply with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia in identifying privileged material, but Defendants specifically object to identifying documents on a document privilege log that were generated subsequent to the filing of the Complaint in this action.

2.    Defendants object to each Interrogatory to the extent that it seeks information that is already in the possession, custody, or control of Plaintiff or Plaintiff's counsel, or to the extent that it requests information, documents or things that are in the public domain and are of no greater burden for Plaintiff to obtain than Defendants. Defendants further object to each Interrogatory to the extent it requires the same information already provided to Plaintiff in Defendants' Initial Disclosures. Unless otherwise indicated specifically below, Defendants will not produce such information, documents, or things.

3.    Defendants object to each Interrogatory, including the definitions and instructions thereof, to the extent it attempts to impose a duty on Defendants beyond those affirmatively imposed by the Court, the Local Civil Rules of the United States District Court for the District of Columbia, or the Federal Rules of Civil Procedure.

4.    Defendants object to each Interrogatory and to each definition or instruction that requests Defendants to disclose and/or produce information concerning any document that is not within their possession, custody, or control.

5.    Defendants object to each Interrogatory to the extent that it is a premature request for Defendants' contentions.

6.    Defendants object to each Interrogatory to the extent it seeks to identify documents created, sent or received by Defendants after the filing of the Complaint in this action.

7.    Defendants object to each Interrogatory to the extent it requires any information or documents beyond what is presently available to Defendants based upon a reasonable search of the files of the Division of Student Affairs, the Center for Student Programs, the Office of Campus Activity Facilities, the Office of Communications, the Office of Protocol and Events, and the Department of Public Safety, and a reasonable inquiry of Defendant Georgetown University's current employees. Defendants' responses herein are based upon facts presently known to it and represent a diligent and good faith effort to comply with each Interrogatory. Defendants' discovery and investigation into the matters specified is continuing. Accordingly, Defendants reserve their right to supplement, alter, or change its objections and responses to the Interrogatories and to produce additional relevant, non-privileged information and/or documents, if any, that Defendants have in their possession, custody or control at the time the Interrogatories were propounded and that are responsive to said Interrogatories. Defendants reserve their right, at trial or during pre-trial proceedings in this action, to rely on documents, evidence, and other matters in addition to the documents and/or information produced in response to the

Interrogatories, whether or not such documents, evidence, or other matters are newly-discovered or are now in existence but have not been located despite Defendants' diligent and good faith efforts.

8.    Defendants object to each Interrogatory to the extent that it uses language incorporating or calling for a legal conclusion or making an erroneous statement of law. Defendants' responses herein shall be as to matters of fact only, and shall not be construed as stating or implying any conclusion of law concerning the matters referenced in any Interrogatory.

9.    Defendants object to each Interrogatory that purports to require Defendants to "identify" documents as unduly burdensome. Further, Defendants object to identifying a document when it is less burdensome for Defendants to produce the document.

10.    Defendants object to each Interrogatory that is directed at Defendants Roy Eddy and Larry Salley, individuals who are neither parties to the action at this time nor represented by undersigned counsel.

11.    Defendants expressly reserve their right to supplement or amend any of these General Objections upon, among other things, discovery of additional facts and materials and other developments in this action.

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory 1

State your full name (and any other names you use), address, date of birth, social security number, employment history for past five years, educational background, and authority of the person answering these interrogatories for this Defendant.

4

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this action and is not reasonably calculated to lead to the discovery of evidence admissible at trial.

Subject to and without waiver of these foregoing specific objections and the General Objections, the individual answering these interrogatories for Defendants is:

> Spiros Dimolitsas
> Senior Vice President and Chief Administrative Officer
> Georgetown University
> 37th & O Streets, NW
> Washington, DC 20057
> (202) 687-3730

**Interrogatory 2**

State the names and addresses of eyewitnesses to all or part of the occurrence.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that the term "occurrence" is not defined, and is vague and ambiguous.

Pursuant to Rule 26(e), Defendants hereby supplement their Initial Disclosures to the extent this response contains additional information not provided previously.

Subject to and without waiver of these foregoing specific objections and the General Objections, the names and addresses of those individuals known to Defendants, in addition to those individuals named in the documents produced in response to Plaintiff's First Request for the Production of Documents, who may have been eyewitnesses to the allegations in the Complaint are:

Abrahim Abu-Ghannam
Address unknown
(George Washington University student)

Ziad Abu-Rish
Vision Program – Abraham's Vision
753 Gresham Place NW
Washington, DC 20001

Mehdi Al-Hassani
Address unknown
(George Washington University student)

Jonathan Aries
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Jacques Arsenault
Office of Communications
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Keith Bailey
2330 Freetown Ct., #11C
Reston, VA 20191

Ruba Batnija
1111 Arlington Blvd., #310
Arlington, VA 22209
(202) 489-5586

Lauralyn Beattie
Office of the Vice President and General Counsel
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Maher Bitar
Oxford University
Oxford, United Kingdom

Susan Blackwell
The University of Birmingham
Edgbaston
Birmingham
B15 2TT
United Kingdom

Father Philip Boroughs
Vice President for Mission and Ministry
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Morris Britt
Assistant Director for Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Robert Burkett
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Sara Dajani
Address unknown (former student)

Kate Dannies
Address unknown
(George Washington University student)

Gregoire Delhaye
902 Perry Place, N.E.
Washington DC 20017

Sgt. S. Delisi
Metropolitan Police Department
300 Indiana Ave., NW
Washington, DC 20001

Roy Eddy
1836 Addison Road
Forestville, MD  20747

7

Noura Erakat
U.S. Campaign to End the Israeli Occupation
PO Box 21539
Washington, DC 20009

Philip Farah
The Holy Land Christian Ecumenical Foundation
6935 Wisconsin Ave.
Suite 214
Bethesda, MD 20815

Matthew Finberg
1871 Folsom Street
Boulder, CO 80302

Griffin Gassink
Address unknown
(George Washington University student)

Abe Greenman
Address unknown

Bayann Hamid
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Hammad Hammad
(Studying abroad in Cairo, Egypt)
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Darryl Harrison
Director of Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Matt Horton
American Educational Trust, Inc.
P.O. Box 53062
Washington, DC 20009

Perla Issa
Lebanon
Address unknown (former student)

Bill Jersey
Quest Productions
2600 Tenth Street
Berkeley, CA 94710

Fabiola Joubert
Office of Communications
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Lee Kaplan
118 Pelican Loop
Pittsburg, CA 94565

Fadi Kiblawi
4109 40th Place, North
Arlington, VA 22207

Gloria Lacap
1055 Wilshire Blvd
11th floor
Los Angeles, CA 90017

Jeanne Lord
Associate Vice President for Student Affairs
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

David Morrell
Vice President for University Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Robert Michael Murray
Director of Digital Media Communications and Strategy
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Tyler Nielson
Address unknown
(George Washington University student)

James Nutting
Address unknown

Todd Olson
Vice President for Student Affairs
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Daniel Porterfield
Vice President for Public Affairs and Strategic Development
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Katherine Pisch
1021 Arlington Blvd, #1026
Arlington, VA 22209

Hesham Sallam
Address unknown (former student)

Larry Salley
7515 Firethorn Dr
Clinton, MD 20735

Andrea Sarubbi
Office of Communications
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Fayyed Sbaihat
Address unknown

Cynthia Schauman
Former Officer, Department of Public Safety
2600 Brinkley Road, Apt. # 807
Fort Washington, Maryland 20744

Mona Shakaki
Al Arabiya
Address unknown

Jamila Shami
Address unknown

Rabbi Nachum Shifren
6263 Melvin Ave.
Los Angeles, CA
(301) 342-7033

Michael Andrew Smith
1203 7th Street., NW #303
Washington, DC 20001

Erik Smulson
Office of the President
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Martha Swanson
Director of Student Programs
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Portia Swinson
Assistant Director for Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057

Leila Taha
Address unknown
(George Washington University student)

Bill Thompson
University of Michigan
Address unknown

Emil Totonchi
Address unknown (former student)

11

Robert Turk
4 Silhouette Dr.
Colebrook, CT 06021

Allison Weir
Address unknown

Rabbi Dovid Weiss
Associate Director
Neturei Karta Int'l in New York
P. O. Box 1316
Monsey N.Y. 10952

William Youmans
Catholic Legal Immigration Network, Inc.
415 Michigan Ave., NE
Suite 150
Washington, DC 20017

## Interrogatory 3

State the names and duty of each Security Officer (either employees of the University or independent contractors) who was on duty on February 18, 2006 from 8 a.m. to 5 p.m., and if there were any bulletins, informative postings, communications, or notices to any and all security officers, and public safety officers provided on February 17, 18, or 19, 2006, in response to the Palestinian Solidarity Conference.

## RESPONSE

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly

burdensome. Defendants further object to this Interrogatory on the grounds that it is less

burdensome for Defendants to produce those documents that contain the relevant responses.

Subject to and without waiver of these foregoing specific objections and the General

Objections, documents produced in response to Plaintiff's First Request for the Production of

Documents reflect those bulletins, informative postings, communications or notices to any and

all security officers, and public safety officers provided on February 17, 18, or 19, 2006 in

response to the Palestinian Solidarity Conference in the custody and control of Defendants. In

addition, there was a daily briefing for Public Safety Officers on the morning of February 18,

2006. In addition to the information contained in those documents, the following members of

the Department of Public Safety are believed to have been on duty on February 18, 2006 from 8

a.m. to 5 p.m.:

> Sgt. Charles Adkins
> > Assignment unknown
>
> Officer Emanuel Alignay
> > Assigned to ICC Building
>
> Sgt. Lamont Allen
> > Assignment unknown
>
> Doris Bey, Associate Director for Public Safety
> > Assigned to ICC Building
>
> Morris Britt, Assistant Director for Public Safety
> > Assigned to Healy Hall
>
> Roy Eddy, Former Officer
> > Assigned to Gaston Hall
>
> Darryl Harrison, Director of Public Safety
> > Oversight duty
>
> Sgt. Earnest Parker
> > Assigned to Copley Lawn and front gate
>
> Officer Gregory Ross
> > Assigned to Library walkway
>
> Larry Salley, Former officer
> > Assigned to Gaston Hall
>
> Cynthia Schauman, Former Officer
> > Assigned to Healy Hall and ICC
>
> Portia Swinson, Assistant Director for Public Safety
> > Assigned to Gervase Hall as MPD Liaison
>
> Officer George Taylor
> > Assigned to front gate
>
> Sgt. David Thompson, Former Sergeant
> > Assignment unknown

Sgt. Winfred Walton
Assignment unknown

## Interrogatory 4

State all the names and addresses and phone numbers (contact information) of any and all Georgetown University employees, security officers, security personnel, and contracted independent contractors for Georgetown University who were present on February 18, 2006 and present in the Leavey Center, Healey Building, Gaston Hall, Bunn Intercultural Center (ICC), and/or outside of these buildings that facilitated the Palestine Solidarity Conference or the Justice in Palestine Meetings. Specifically state the names and addresses of the persons who came in (or may have come in) direct contact with William Maniaci.

## RESPONSE

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous.

Subject to and without waiver of these foregoing specific objections and the General Objections, the names and addresses of those Georgetown University employees, security officers, security personnel, and contracted independent contractors for Georgetown University who are believed to have been present on February 18, 2006 and present in the Leavey Center, Healey Building, Gaston Hall, Bunn Intercultural Center (ICC), and/or outside of these buildings that facilitated the Palestine Solidarity Conference or the Justice in Palestine Meetings that are known to Defendants are as follows. Those who may have been eyewitnesses to the events alleged in the Complaint are marked with an asterisk.

Sgt. Charles Adkins
Sergeant, Department of Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

Officer Emanuel Alignay
Officer, Department of Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

Sgt. Lamont Allen
Sergeant, Department of Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Jacques Arsenault
Office of Communications
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Lauralyn Beattie
Office of the Vice President and General Counsel
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

Doris Bey
Associate Director for Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Father Philip Boroughs
Vice President for Mission and Ministry
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Morris Britt
Assistant Director for Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Robert Burkett
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Roy Eddy
Former Officer, Department of Public Safety
1836 Addison Road
Forestville, MD  20747
(301) 516-2383

*Darryl Harrison
Director of Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Fabiola Joubert
Office of Communications
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Gloria Lacap
Former Director of Event Planning
1055 Wilshire Blvd
11th floor
Los Angeles, CA 90017
(213) 341-7346

*Jeanne Lord
Associate Vice President for Student Affairs
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*David Morrell
Vice President for University Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Robert Michael Murray
Director of Digital Media Communications and Strategy
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Todd Olson
Vice President for Student Affairs
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

Sgt. Earnest Parker
Sergeant, Department of Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
Washington, D.C. 20057
(202) 687-4567

*Dan Porterfield
Vice President for Public Affairs and Strategic Development
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Larry Salley
Former officer, Department of Public Safety
7515 Firethorn Dr
Clinton, MD  20735
(301) 868-0986

*Andrea Sarubbi
Office of Communications
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Cynthia Schauman
Former Officer, Department of Public Safety
2600 Brinkley Road, Apt. # 807
Fort Washington, Maryland 20744
(703) 836-6767

*Erik Smulson
Office of the President
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Martha Swanson
Director of Student Programs
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

*Portia Swinson
Assistant Director for Public Safety
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

Sgt. David Thompson
Former Sergeant, Department of Public Safety
5507 Karen Elaine Drive
New Carrolton, MD.  20784
(301) 577-8777

Sgt. Winfred Walton
Sergeant, Department of Public Safety
Georgetown University
37th & O Streets, N.W.
(202) 687-4567

Rabbi Harold White
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 687-4567

## Interrogatory 5

Set forth the names and addresses (contact information) of any person who made any investigation of any activities that took place at Georgetown University on February 18, 2006. This includes all security information and investigation studies that were conducted prior to this Solidarity Conference held on February 17th to 19th, 2006, and state the number of cameras and other recordation devices inside or immediately outside of the Leavey Center, Healey Building, Gaston Hall, and Bunn Intercultural Center (ICC) and describe the content and current location (and person of possession) of such recordings.

## RESPONSE

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this Interrogatory on the grounds that it contains more than one interrogatory.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants respond as follows:

a.    Darryl Harrison and Morris Britt conducted investigations of events alleged in the Complaint on February 18, 2006. Contact information for Mr. Harrison and Mr. Britt is: Department of Public Safety, Georgetown University, 37th & O Streets, N.W., Washington, D.C. 20057. Telephone: (202) 687-4567.

19

b.      David Morrell conducted security investigations prior to the Palestinian Solidarity Movement Conference.  Contact information for Mr. Morrell is: Vice President for University Safety, Georgetown University, 37th & O Streets, N.W., Washington, D.C. 20057.  Telephone: (202) 687-4567

c.      There is one video camera outside of Healy Hall and one video camera inside of Healy Hall.  There is one video camera outside of the Inter Cultural Center.  There is one video camera outside of the Leavey Center.  The video from these cameras is recycled every thirty days.  The content of any video from these cameras with respect to the allegations in the Complaint is unknown.

d.      Documents produced in response to Plaintiff's First Requests for the Production of Documents list those media attendees at the Palestinian Solidarity Movement Conference, who may be in possession of recordings.

**Interrogatory 6**

Please provide all information and contact with registered and non-registered media which attended any part of the Solidarity Conference.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous.  Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants respond as follows:

Documents produced in response to Plaintiff's First Request for Production of Documents list registered media attendees at the Palestinian Solidarity Movement Conference and their known contact information.

**Interrogatory 7**

Please provide the names of all persons and contact information for all persons who organized and/or conducted the organizing of the Palestinian Solidarity Conference scheduled on February 17, 2006 through February 19, 2006 at Georgetown University.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this Document Request on the grounds that the terms "organized" and "conducted the organizing" are not defined, and are vague and ambiguous.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants respond as follows:

In addition to those students named in response to Interrogatory Two and those names reflected on Documents produced in response to Plaintiff's First Request for Production of Documents, the following individuals are believed to have organized and/or conducted the organizing of the Palestinian Solidarity Conference:

> Ziad Abu-Rish
> Vision Program – Abraham's Vision
> 753 Gresham Place NW
> Washington, DC 20001
> (202) 341-1112

> Danya Ayoubi
> Georgetown University
> 37th & O Streets, N.W.
> Washington, D.C. 20057

> Maher Bitar
> Oxford University
> Oxford, United Kingdom

Sara Dajani
Address unknown (former student)
(703) 362-7917

Gregoire Delhaye
902 Perry Place NE,
Washington DC 20017
(202) 250-1835

Hammad Hammad
(Studying abroad in Cairo, Egypt)
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 315-6735

Bayann Hamid
Georgetown University
37th & O Streets, N.W.
Washington, D.C. 20057
(202) 460-8865

Perla Issa
Lebanon
Address unknown (former student)
(917) 822-1428

Katherine Pisch
1021 Arlington Blvd, #1026
Arlington, VA 22209
(202) 236-6353

Hesham Sallam
Address unknown (former student)
(412) 512-7282

Emil Totonchi
Address unknown (former student)

Fadi Kiblawi
4109 40th Place, North
Arlington, VA 22207
(703) 628-4506

Noura Erakat
U.S. Campaign to End the Israeli Occupation
PO Box 21539
Washington, DC 20009

Susan Blackwell
The University of Birmingham
Edgbaston
Birmingham
B15 2TT
United Kingdom

William Youmans
Catholic Legal Immigration Network, Inc.
415 Michigan Ave., NE
Suite 150
Washington, DC 20017

Philip Farah
The Holy Land Christian Ecumenical Foundation
6935 Wisconsin Ave.
Suite 214
Bethesda, MD 20815

## Interrogatory 8

Give the names and addresses (contact information) of all persons not heretofore mentioned having personal knowledge of facts material to this case.

## RESPONSE

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants respond as follows:

23

Defendants currently are not aware of additional individuals, besides those stated in Plaintiff's Initial Disclosures, Defendants' Initial Disclosures, Plaintiff's responses to discovery requests, and Defendants' responses to Plaintiff's First Request for Production of Documents and elsewhere in these responses to Plaintiff's First Interrogatories, known to have personal knowledge of facts material to this case.

## Interrogatory 9

State in your own words your full and complete knowledge of events that transpired on February 18, 2006 from 8:00 a.m. to 4:00 p.m. at the Palestinian Solidarity Conference, held on Georgetown University Campus.

## RESPONSE

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants refer Plaintiff to the transcripts of the depositions of David Morrell (pp. 12-34), Darryl Harrison (pp. 12-47), Todd Olson (pp. 29-51), and Erik Smulson (pp. 22-41).

## Interrogatory 10

If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely, including identification by name and address of all persons from whom you expect to elicit testimony in support of your contentions.

## RESPONSE

Defendants object to this Interrogatory on the grounds that it is vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this Interrogatory on the grounds that requests a legal conclusion.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants respond as follows:

The following individuals may have interfered with the ability of Georgetown personnel

to perform their duties:  Robert Turk, Matthew Finberg, Keith Bailey, Jim Nutting, Michael

Smith.  Defendants reserve their right to add or amend this list, as additional information

becomes known.  Those individuals who may be relied upon as witnesses are listed in response

to Interrogatories Two, Four and Seven.

**Interrogatory 11**

Set forth the contents of any contract or agreement (written or oral) between the Students
for Justice in Palestine and Georgetown University or agent thereof, entered into relating to the
Palestinian Solidarity Conference held on February 17, 2006 through February 19, 2006 at
Georgetown University.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is vague, ambiguous and

overbroad.  Defendants further object to this Interrogatory on the grounds that requests a legal

conclusion.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants respond as follows:

No such contracts or agreements are known to Defendants at this time.

**Interrogatory 12**

State the names and addresses of all experts whom you proposed to call upon the trial of

this action together with the following:

a. The subject matter on which each such person is expected to testify;

b. The substance of the facts and opinions to which each such person is

expected to testify;

c. A summary of the grounds for each opinion;

d. All facts, treatises, test results and other information utilized by the expert in arriving at his opinion.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is premature. Defendants will comply with the Federal Rules of Civil Procedure and the Local Rules of the District for the District of Columbia.

**Interrogatory 13**

State whether any witness named, including parties to this action, has ever been treated for any mental or emotional illness or been committed to any hospital for treatment of any mental or emotional illness and, if so, describe the condition for which that witness was treated and set forth the names and addresses for all health care givers who rendered treatment for the condition.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous. Defendants further object to this Interrogatory on the grounds that it seeks information outside the custody and control of Defendants. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this action and is not reasonably calculated to lead to the discovery of evidence admissible at trial.

**Interrogatory 14**

If you contend that William Maniaci, acted in such manner as to cause or contribute to the occurrence, or assumed the risk of injury, give a concise statement of the facts upon which you rely, identifying with particularity the actions which that failed to do or did negligently.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overly broad, vague and ambiguous. Defendants further object to this Interrogatory on the grounds that it seeks a legal conclusion.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants respond as follows:

Plaintiff disrupted an event being held on Georgetown University's campus. Plaintiff resisted the request of Georgetown personnel that he leave an event being held on Georgetown University's campus. Plaintiff physically resisted the efforts of Georgetown personnel to escort him from an event held on Georgetown University's campus. In addition, individuals believed to be associated with Plaintiff interfered with the efforts of Georgetown personnel to escort Plaintiff from an event held on Georgetown University's campus. Following his departure from the event, Plaintiff continued his activities without any sign or complaint of injury.

**Interrogatory 15**

State whether the Georgetown University and/or the Department of Public Safety and/or and security for Georgetown University have ever been accused of use of excessive force, either in a pleading in Court or otherwise. State each specific instances.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overbroad, vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this action and is not reasonably calculated to lead to the discovery of evidence admissible at trial.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants respond as follows:

Since January 1, 2000, there has been no lawsuit, other than the above-captioned suit, against Georgetown University alleging excessive use of force.

**Interrogatory 16**

State whether any person named in your answers to interrogatories, or related to the occurrence in subject in this action, has ever been convicted of a violation of any criminal statute of the United States or of any state, or if any such person has ever been involved in any civil litigation in the United States or any state.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overbroad, vague and

ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and

information protected by the attorney-client privilege and attorney work-product doctrine.

Defendants further object to this Interrogatory on the grounds that it seeks information that is not

relevant to any claim or defense in this action and is not reasonably calculated to lead to the

discovery of evidence admissible at trial.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants respond as follows:

No individual Defendant has been a party to any civil litigation concerning civil rights

claims, claims for assault and battery, or claims for false arrest.

**Interrogatory 17**

Describe any actions Georgetown University or any employee of Georgetown University and/or the Department of Public Safety had to take as a result of the Palestinian Solidarity Conference on February 17, 18, 19 of 2006.

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overbroad, vague and

ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and

information protected by the attorney-client privilege and attorney work-product doctrine.

Defendants further object to this Interrogatory on the grounds that it seeks information that is not

relevant to any claim or defense in this action and is not reasonably calculated to lead to the

discovery of evidence admissible at trial. Defendants further object to this Document Request on

the grounds that the phrase "actions . . . as a result of" is not defined, and is vague and ambiguous.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants refer Plaintiff to the transcripts of the depositions of David Morrell (pp. 12-34), Darryl Harrison (pp. 12-47), Todd Olson (pp. 29-51), and Erik Smulson (pp. 22-41).

## Interrogatory 18

State records of any and all police, fire, and ambulance calls made by Georgetown University on February 18, 2006 and provide copies of such information.

## RESPONSE

Defendants object to this Interrogatory on the grounds that it is overbroad, vague and ambiguous. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this action and is not reasonably calculated to lead to the discovery of evidence admissible at trial.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants respond as follows:

Defendants do not know of any records of any police, fire, and ambulance calls made by Georgetown University on February 18, 2006.

## Interrogatory 19

Identify all documents which are related to the assault of William Maniaci and/or state William Maniaci's name, and any documents related to the security situation at the Palestinian Solidarity Conference, which have not already been mentioned by the above interrogatories or provided in the Defendant's Answer to the Plaintiffs Request for Documents.

## RESPONSE

Defendants object to this Interrogatory on the grounds that it is overbroad, vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Defendants further object to this Interrogatory on the grounds that it seeks information that is not

relevant to any claim or defense in this action and is not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Interrogatory on the grounds that no "assault of William Maniaci" occurred.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants refer Plaintiff to those documents produced in Defendants' Initial Disclosures.

**Interrogatory 20**

Identify all photographs and videos of the area of Georgetown University (including the Healey Building, Gaston Hall, the ICC Building, Bunn Intercultural Center, and all areas inside and outside in between these buildings) that were taken on February 17, 18, 19, 2006. Include the name and address of the person(s) who took the photograph or video and any person(s) in possession of the photograph(s) or video(s).

**RESPONSE**

Defendants object to this Interrogatory on the grounds that it is overbroad, vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants refer Plaintiff to those documents produced in Defendants' Initial Disclosures and in response to Plaintiff's First Request for Documents.

As to factual matters only:

I, Spiros Dimolitsas, am an authorized representative for Defendants Georgetown University, David Morrell, Todd Olson, and Darryl Harrison in the matter <u>William Maniaci v. Georgetown University, et al.</u>, pending in the United States District Court for the District of Columbia and bearing case number 06-CV-01625. I have read the document "Defendants Objections and Responses to Plaintiff's First Set of Interrogatories." I am informed and believe, and on that ground allege, that the responses stated in the foregoing document are true to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 19, 2007, at Washington, D.C.

_____
Spiros Dimolitsas

As to Objections only:

March 19, 2007                    By:    _____

WILLIAMS & CONNOLLY LLP
John J. Buckley, Jr., D.C. Bar No. 925081
Malachi Jones, D.C. Bar No. 455555
Colleen F. Shanahan, D.C. Bar No. 496605
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

Attorneys for Defendants Georgetown University,
Morrell, Harrison, Smulson, Olson, and Taylor.

)

## CERTIFICATE OF SERVICE

I hereby certify that, on the 19th day of March, 2007, I caused true and correct copies of the foregoing "Defendants' Responses to Plaintiff's First Request for Production of Documents" to be served via messenger upon:

Thomas Fortune Fay, P.C.
700 Fifth St., N.W. #200
Washington, DC 20001

*Counsel for Plaintiff William Maniaci*

_____
Colleen F. Shanahan
Counsel for Defendants

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

COLLEEN F. SHANAHAN
(202) 434-5355
cshanahan@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 19, 2007

**HAND DELIVERED**

Thomas Fortune Fay, Esq.
Law Offices of Thomas Fortune Fay
601 Pennsylvania Avenue, N.W.
#900 - South Building
Washington, DC  20004

> Re:     **William Maniaci v. Georgetown University et al.,**
> **Docket No. 06 CV 1625**

Dear Mr. Fay:

Enclosed are Defendants' Responses to Plaintiff's First Request for the Production of Documents and Plaintiff's First Set of Interrogatories.

Sincerely,

Colleen F. Shanahan

Enclosure