# EXHIBIT 65

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WILLIAM MANIACI** | ) | |
| | ) | |
| Plaintiff, | ) | **Docket No. 06 CV 01625** |
| | ) | |
| vs. | ) | **Judge Kollar-Kotelly** |
| | ) | |
| **GEORGETOWN UNIVERSITY, et al.** | ) | **Next Scheduled Event:** |
| | ) | **September 28, 2007, 9:00 a.m.** |
| Defendants. | ) | **Status Hearing** |
| | ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Local Civil Rules 26.2 and 30.4, and the parties' Joint Status Report as to Discovery Plan, Defendants Georgetown University, David Morrell, Todd Olson, and Darryl Harrison hereby object and respond as follows to Plaintiff's First Request for the Production of Documents, dated February 16, 2007. In providing documents in response to these document requests, Georgetown does not concede the relevancy, materiality, or admissibility of any such documents and hereby reserves all such objections.

## GENERAL OBJECTIONS

The following General Objections form a part of, and are hereby incorporated in, the response to each and every Document Request set forth below. Nothing in the Specific Objections and Responses of Defendants should be construed as a waiver of any of these General Objections.

1.    Defendants object to each Document Request to the extent that it calls for the production of documents or disclosure of information protected by any privilege, including without limitation the attorney-client privilege, the work-product doctrine, party communications, witness statements, or any other available and valid grounds for withholding information or documents from production, and all Document Requests have been read to exclude the discovery and/or production of such privileged information and documents.  Any inadvertent disclosure of privileged documents and/or information shall not constitute a waiver of any applicable privilege.  Defendants will comply with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia in identifying privileged material, but Defendants specifically objects to identifying documents on a document privilege log that were generated subsequent to the filing of the Complaint in this action.

2.    Defendants object to each Document Request to the extent that it seeks information that is already in the possession, custody, or control of Plaintiff or Plaintiff's counsel, or to the extent that it requests information, documents or things that are in the public domain and are of no greater burden for Plaintiff to obtain than Defendants.  Defendants further object to each Document Request to the extent it requires the same information already provided to Plaintiff in Defendants' Initial Disclosures. Unless otherwise indicated specifically below, Defendants will not produce such information, documents, or things.

3.    Defendants object to each Document Request, including the definitions and instructions thereof, to the extent it attempts to impose a duty on Defendants beyond those affirmatively imposed by the Court, the Local Civil Rules of the United States District Court for the District of Columbia, or the Federal Rules of Civil Procedure.

4.   Defendants object to each Document Request to the extent it seeks information protected by The Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, and its implementing regulations.

5.   Defendants object to each Document Request and to each definition or instruction that requests Defendants to disclose and/or produce information concerning any document that is not within their possession, custody, or control.

6.   Defendants object to each Document Request to the extent that it is a premature request for Defendants' contentions.

7.   Defendants object to each Document Request to the extent it seeks documents created, sent or received by Defendants after the filing of the Complaint in this action.

8.   Defendants object to each Document Request to the extent it requires any information or documents beyond what is presently available to Defendants based upon a reasonable search of the files of the Division of Student Affairs, the Center for Student Programs, the Office of Campus Activity Facilities, the Office of Communications, the Office of Protocol and Events, and the Department of Public Safety, and a reasonable inquiry of Defendant Georgetown University's current employees. Defendants' responses herein are based upon facts presently known to it and represent a diligent and good faith effort to comply with each Document Request. Defendants' discovery and investigation into the matters specified is continuing. Accordingly, Defendants reserve their right to supplement, alter, or change its objections and responses to the Document Requests and to produce additional relevant, non-privileged information and/or documents, if any, that Defendants has in their possession, custody or control at the time the Document Requests

3

were propounded and that are responsive to said Document Requests. Defendants reserve their right, at trial or during pre-trial proceedings in this action, to rely on documents, evidence, and other matters in addition to the documents and/or information produced in response to the Document Requests, whether or not such documents, evidence, or other matters are newly-discovered or are now in existence but have not been located despite Defendants' diligent and good faith efforts.

9.  Defendants object to each Document Request to the extent that it uses language incorporating or calling for a legal conclusion or making an erroneous statement of law. Defendants' responses herein shall be as to matters of fact only, and shall not be construed as stating or implying any conclusion of law concerning the matters referenced in any Document Request.

10. Defendants object to each Document Request that is directed at Defendants Roy Eddy and Larry Salley, individuals who are neither parties to the action at this time nor represented by undersigned counsel.

11. Defendants expressly reserve their right to supplement or amend any of these General Objections upon, among other things, discovery of additional facts and materials and other developments in this action.

## SPECIFIC OBJECTIONS AND RESPONSES

### Document Request No. 1

Any and all written reports or memoranda made with respect to the occurrence.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and unduly burdensome.  Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial.  Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.  Defendants further object to this Document Request on the grounds that the term "occurrence" is not defined, and is vague and ambiguous.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce responsive, non-privileged documents that are in the custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 2**

Any and all reports from experts witnesses who will be called to testify upon the trial of this action.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is premature. Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial.  Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will comply with the Federal Rules of Civil Procedure and Local Rules for the District Court for the District of Columbia.

**Document Request No. 3**

Any and all official reports made in response to requirements of any law, administrative regulation, or policy, including any documents completed by security officers in response to William Maniaci's occurrence on February 18, or any other occurrence on February 18, 2006.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and

unduly burdensome. Defendants further object to this Document Request on the grounds that it

seeks documents that are not relevant to any claim or defense in this action and are not

reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further

object to this Document Request to the extent it seeks documents and information protected by

the attorney-client privilege and attorney work-product doctrine. Defendants further object to

this Document Request on the grounds that the terms "official reports" and "occurrence" are not

defined, and are vague and ambiguous.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants will produce responsive, non-privileged documents that are in the

custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 4**

Any and all reports of the results of physical testing conducted in connection with this occurrence or this lawsuit.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and

unduly burdensome. Defendants further object to this Document Request on the grounds that it

seeks documents that are not relevant to any claim or defense in this action and are not

reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further

object to this Document Request to the extent it seeks documents and information protected by

the attorney-client privilege and attorney work-product doctrine. Defendants further object to

this Document Request on the grounds that the term "occurrence" is not defined, and is vague and ambiguous.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants state there currently are no such documents.

## Document Request No. 5

Copies of all photographs and videos of the area of Georgetown University (including the Healey Building, Gaston Hall, the ICC Building, Bunn Intercultural Center, and all areas inside and outside in between these buildings) that were taken on February 17, 18, 19, 2006. Include the name and address of the person(s) who took the photograph or video and any person(s) in possession of the photograph(s) or video(s).

## RESPONSE

Defendants object to this Document Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce non-privileged photographs and videos that are in the custody and control of Defendants that relate to the events alleged in the Complaint.

Defendants have already produced video, taken by Katherine Pisch, 1021 Arlington Blvd, #1026, Arlington, VA 22209. In addition, in response to these requests, Defendants are producing a video, taken by Quest Productions, 2600 Tenth Street, Berkeley, CA 94710.

**Document Request No. 6**

Any other physical object(s), including documents, which will be proffered for admission into evidence upon the trial of this action.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is premature.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants will comply with the Federal Rules of Civil Procedure and Local Rules

for the District Court for the District of Columbia.

**Document Request No. 7**

Copies of all contract documents with respect to any person or entity named in response to Plaintiff's Interrogatory # 12.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is premature.

Defendants further object to this Document Request on the grounds that it seeks documents that

are not relevant to any claim or defense in this action and are not reasonably calculated to lead to

the discovery of evidence admissible at trial.  Defendants further object to this Document

Request to the extent it seeks documents and information protected by the attorney-client

privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants will comply with the Federal Rules of Civil Procedure and Local Rules

for the District Court for the District of Columbia.

**Document Request No. 8**

All documents that the Justice for Palestine Organization and/or the Justice in Palestine and/or Palestinian Solidarity Movement Organization completed in order to have the February Conference at Georgetown University and any documents that Georgetown University gave to any of these Organizations to confirm permission to use Georgetown University Campus for this conference on February 18 and 19.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and

unduly burdensome.  Defendants further object to this Document Request on the grounds that it

seeks documents that are not relevant to any claim or defense in this action and are not

reasonably calculated to lead to the discovery of evidence admissible at trial.  Defendants further

object to this Document Request to the extent it seeks documents and information protected by

the attorney-client privilege and attorney work-product doctrine.    Defendants further object to

this Document Request on the grounds that the terms "Justice for Palestine Organization," the

"Justice in Palestine Organization," and the "Palestinian Solidarity Movement Organization " are

not defined, and are vague and ambiguous.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants will produce responsive, non-privileged documents that are in the

custody and control of Defendants that relate to Students for Justice in Palestine hosting the

Palestinian Solidarity Movement Conference at Georgetown University.

**Document Request No. 9**

Any and all accounting of the Justice in Palestine, Justice of Palestine [sic], Palestinian
Solidarity Movement Organization, and Georgetown University relating to the Palestinian
Solidarity Conference held on Georgetown University Campus on February 18 and 19, 2006,
including rental fees, cleaning fees, registration fees, costs of security, total profit, etc. and if
there was a University financial subsidy available for these organizations.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and

unduly burdensome.  Defendants further object to this Document Request on the grounds that it

seeks documents that are not relevant to any claim or defense in this action and are not

reasonably calculated to lead to the discovery of evidence admissible at trial.  Defendants further

object to this Document Request to the extent it seeks documents and information protected by

the attorney-client privilege and attorney work-product doctrine.  Defendants further object to

this Document Request on the grounds that the terms "Accounting," "Justice for Palestine

Organization," the "Justice in Palestine Organization," and the "Palestinian Solidarity Movement

Organization" are not defined, and are vague and ambiguous.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants will produce responsive, non-privileged documents that are in the

custody and control of Defendants that relate to Students for Justice in Palestine hosting the

Palestinian Solidarity Movement Conference at Georgetown University.

**Document Request No. 10**

Any and all policies, training manuals, instructions, rules, and regulations provided to the
Department of Public Safety related to procedures in removing patrons, students, persons from
the Georgetown Campus.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and

unduly burdensome.  Defendants further object to this Document Request on the grounds that it

seeks documents that are not relevant to any claim or defense in this action and are not

reasonably calculated to lead to the discovery of evidence admissible at trial.  Defendants further

object to this Document Request to the extent it seeks documents and information protected by

the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants will produce responsive, non-privileged documents that are in the

custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 11**

Any and all records and documents of media organizations that attended or appeared at
the (Palestinian Solidarity) Conference on February 18, 2006.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce responsive, non-privileged documents that are in the custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 12**

Any and all records and documents of the organizations (exhibits) that were in attendance or present at the ICC Building during the (Palestinian Solidarity) Conference.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce responsive, non-privileged documents that are in the custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 13**

Any and all records and documents made in preparation for the (Palestinian Solidarity) Conference, made during the Conference, and after the Conference.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce responsive, non-privileged documents that are in the custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 14**

Any and all policies, rules, and regulations regarding the use of Georgetown University Facilities for a Conference.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce responsive, non-privileged documents that are in the custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 15**

Any and all documents relating to Security Officer, and/or Public Safety Officer Salley and Eddie.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce responsive, non-privileged documents that are in the custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 16**

Any and all records or documentation of all police, fire, and ambulance calls made by Georgetown University or employees or independent contractors of Georgetown University.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Document Request on the grounds that it seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce responsive, non-privileged documents that are in the custody and control of Defendants that relate to the events alleged in the Complaint.

**Document Request No. 17**

Any and all records and documents from or in possession of the Director of Public Safety concerning the (Palestinian Solidarity) Conference and information on current campus law enforcement policies, crime prevention programs, and campus security statistics (pursuant to the Crime Awareness and Campus Security Act of 1990).

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and

unduly burdensome.  Defendants further objection to this Document Request on the grounds that

it is vague and ambiguous.  Defendants further object to this Document Request on the grounds

that it seeks documents that are not relevant to any claim or defense in this action and are not

reasonably calculated to lead to the discovery of evidence admissible at trial.  Defendants further

object to this Document Request to the extent it seeks documents and information protected by

the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General

Objections, Defendants will produce responsive, non-privileged documents from the Department

of Public Safety that are in the custody and control of Defendants that relate to the events alleged

in the Complaint.   With respect to information on current campus law enforcement policies,

crime prevention programs, and campus security statistics (pursuant to the Crime Awareness and

Campus Security Act of 1990), Defendants will produce the General Orders of the Department

of Public Safety.

**Document Request No. 18**

Any and all records and documents made by the Center for Student Programs, the Office of Campus Activity Facilities, the Department of Public Safety, and the Office of Protocol and Events concerning the (Palestinian Solidarity) Conference held on February 18 and 19, 2006.

**RESPONSE**

Defendants object to this Document Request on the grounds that it is overly broad and

unduly burdensome.  Defendants further object to this Document Request on the grounds that it

seeks documents that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendants further object to this Document Request to the extent it seeks documents and information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of these foregoing specific objections and the General Objections, Defendants will produce responsive, non-privileged documents, created after the events alleged in the Complaint, that are in the custody and control of Defendants that relate to the events alleged in the Complaint as well as all responsive, non-privileged documents in the custody and control of Defendants created in preparation for the Palestinian Solidarity Movement Conference.

March 19, 2007                    By:    _____

                                         WILLIAMS & CONNOLLY LLP
                                         John J. Buckley, Jr., D.C. Bar No. 925081
                                         Malachi Jones, D.C. Bar No. 455555
                                         Colleen F. Shanahan, D.C. Bar No. 496605
                                         725 Twelfth Street, N.W.
                                         Washington, D.C. 20005
                                         (202) 434-5000
                                         (202) 434-5029 (fax)

                                         Attorneys for Defendants Georgetown University,
                                         Morrell, Harrison, Smulson, Olson, and Taylor.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 19th day of March, 2007, I caused true and correct copies of the foregoing "Defendants' Responses to Plaintiff's First Request for Production of Documents" to be served via messenger upon:

Thomas Fortune Fay, P.C.
700 Fifth St., N.W. #200
Washington, DC  20001

*Counsel for Plaintiff William Maniaci*

_____
Colleen F. Shanahan
Counsel for Defendants